**Ex parte Jerry Steven HOLBROOK.**

**No. 65798.**

Court of Criminal Appeals of Texas,
En Banc.

Oct. 29, 1980.

Robert Huttash, State's Atty., Austin, for the State.

OPINION

TOM G. DAVIS, Judge.

This is a post–conviction application for writ of habeas corpus pursuant to Art. 11.-07, V.A.C.C.P. Petitioner was convicted in Cause No. F80–77 KJ of unlawful possession of a forged instrument, to wit: a counterfeit driver's license, in Criminal District Court No. 3 of Dallas County. Following his plea of guilty on March 13, 1980, the court assessed punishment at five years.

Petitioner now contends that his indictment is fundamentally defective for failing to allege an element of the offense. Specif-

ically, he maintains that an element the State failed to plead was that he possessed the license "with intent to use" it.

Petitioner's indictment alleges that on November 23, 1979, he did:

"... without lawful authority of the State of Texas, then and there knowingly and intentionally possess a counterfeit driver's license, to wit: (at this point, the indictment set out a photostatic copy of a Texas driver's license issued to Kevin Sewell) and said instrument had not been made under the direction of the State of Texas, ..."

The offense of possessing a forged or counterfeit driver's license is proscribed by Tex.Rev.Civ.Stat.Ann. Art. 6687b, Sec. 44A(a) (1977). That statute provides as follows:

"Any person who shall print, engrave, copy, photograph, make, issue, sell, or circulate, or who shall possess or have in his possession with intent to use, sell, circulate, *or who shall possess or have in his possession with intent to use, sell, circulate, or pass, any forged or counterfeit driver's license,* driver's license form, stamp, permit, license, official signature, certificate, evidence of fee payment, or any other instrument which has not been printed, manufactured, or made by or under the direction of, or issued, sold, or circulated by or under the direction of a person, board, agency, or authority authorized to do so by the provisions of this Act, or by the laws of another state or of the United States, shall be guilty of a felony and upon conviction shall be punished by confinement in the State penitentiary for a term of not less than two (2) years nor more than five (5) years." (Emphasis Added).

 Initially, we note that the alleged offense is also proscribed by our general forgery statute. Possession of a forged writing, including an instrument issued by a state government, is an offense under V.T.C.A. Penal Code, Sec. 32.21(a)(1)(C). However, Art. 6687b, Sec. 44A(a), supra, is a special statute which deals directly with the unlawful possession of a counterfeit driver's license. Under such circumstances, the special statute controls over the general statute. See *Ex Parte Harrell*, 542 S.W.2d 169 (Tex.Cr.App.).

It is clear by the terms of Art. 6687b, Sec. 44A(a), supra, that it is not the mere act of possessing a counterfeit driver's license which is unlawful; rather, there must be possession of the license *and* an intent to use, sell, circulate or pass the license in order for an offense to be committed. Petitioner's indictment fails to allege that he possessed the license with the intent to use, sell, circulate or pass it. We hold that by this omission, the indictment fails to allege an essential element of the offense. An indictment which fails to allege all of the elements of an offense is fundamentally defective and may be challenged by way of a post-conviction application for writ of habeas corpus. *Ex Parte Seaton*, 580 S.W.2d 593 (Tex.Cr.App.).

The relief sought in Cause No. F80–77 KJ in Criminal District Court No. 3 of Dallas County is granted and the indictment is ordered dismissed.

It is so ordered.