**Joe C. WILLIAMS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 63460.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 15, 1982.

Rehearing Denied Nov. 24, 1982.

---

Norman Darwin, Fort Worth, for appellant.

Stephen Davidchik, County Atty., Kellis W. Sampson, Asst. County Atty., Sherman, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, TOM G. DAVIS and W.C. DAVIS, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for theft. After the jury found appellant guilty, the court assessed punishment at ten years, probated.

Appellant was convicted of exercising control over certain accounts receivable without the effective consent of Jerry Harlan, the owner. Harlan was president of the Howe State Bank.

Appellant contends that he was improperly charged under V.T.C.A. Penal Code, Sec. 31.03(d)(4)(A), a general theft statute, when he should have been charged under V.T.C.A. Penal Code, Sec. 32.33(d), a special statute entitled *Hindering Secured Creditors*.

On September 3, 1976, appellant signed a promissory note wherein Williams Truck Lines, Inc. agreed to pay the bank $20,033.76 plus interest by November 2, 1976. The note states, "This note is ... *secured by security interest* on the following property: Assignment of accounts receivable totaling $32M." (Emphasis added.)

On the same day, appellant executed an Assignment of Accounts Receivable on behalf of Williams Truck Lines, Inc. The assignment states, inter alia:

"Whereas ... 'Borrower' ... is indebted to Howe State Bank ... upon a promissory note ... in the principal sum of $20,033.76 ...

"Borrower does hereby transfer, assign and deliver to Bank [accounts receivable] together with all right, title and interest of Borrower in and to said receivables ...

"1. *This assignment shall secure* (i) the note above described ...

" ...

"9. Upon full and final payment of the *indebtedness hereby secured,* this assignment shall terminate and Bank shall hold subject to the order of Borrower all amounts then remaining from collections on said receivables ..." (Emphasis added.)

In September and October of 1976, appellant received payment from the C.H. Robinson Company on three outstanding accounts receivable totaling $2,640.06. Appellant allegedly deposited these funds in his corporate account and immediately withdrew them, rather than depositing them in a segregated account or transferring them directly to the bank as per the assignment agreement.

V.T.C.A. Penal Code, Sec. 31.03, reads in pertinent part:

"Sec. 31.03. Theft.

"(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

"(b) Appropriation of property is unlawful if:

"(1) it is without the owner's effective consent; ...

" ...

"(d) An offense under this section is:

" ...

"(4) a felony of the third degree if:

"(A) the value of the property stolen is $200 or more but less than $10,000 ..."

In 1976 V.T.C.A. Penal Code, Sec. 32.33, read in pertinent part:

"Sec. 32.33. Hindering Secured Creditors.

"(a) For purposes of this section:

"...

"(2) 'Security interest' means an interest in personal property or fixtures that secures payment or performance of an obligation

"(b) A person who has signed a security agreement creating a security interest in property ... commits an offense if, with intent to hinder enforcement of that interest or lien, he destroys, removes, conceals, encumbers, transfers, or otherwise harms or reduces the value of the property.

"(c) For purposes of this section, a person is presumed to have intended to hinder enforcement of the security interest or lien if, when any part of the debt secured by the security interest or lien was due, he failed:

"(1) to pay the part then due; and

"(2) if the secured party had made demand, to deliver possession of the secured property to the secured party.

"(d) Except as provided in Subsection (e) ... an offense under this section is a Class A misdemeanor."

Subsection (e) provides for a felony of the third degree if the person removes the secured property from the State. It was never alleged that appellant removed the accounts receivable, or the proceeds therefrom, from the State.

Under our rulings in *Ex parte Harrell*, 542 S.W.2d 169 (Tex.Cr.App.1976), and its progeny, if a defendant's conduct is proscribed under a general statute and a specific statute, complete within itself, he should be charged under the latter statute.

Appellant's contention that V.T.C.A. Penal Code, Sec. 32.33, is a special statute is supported not only by the language in the statute itself, but also by various practice commentaries throughout the penal code.

The practice commentary to V.T.C.A. Penal Code, Sec. 31.03 notes:

"Because a debtor or vendee of secured property usually regards himself as the owner subject only to the obligation to pay the debt, the behavior of debtors and vendees of secured property is not readily amenable to control by theft. Their conduct with respect to secured property and the concomitant protection of secured creditors is accordingly governed by the fraud chapter, e.g., Section 32.33 (hindering secured creditors)."

The practice commentary to V.T.C.A. Penal Code, Sec. 28.02 (Arson) notes: "Another section of the code, *specifically designed for the debtor-secured creditor relationship,* governs the destruction of secured property, see Section 32.33 (hindering secured creditors)." (Emphasis added.)

The State contends that the Assignment of Accounts Receivable did not create a security interest in the accounts receivable since ownership of the accounts was transferred to the bank.

This is incorrect. Both the note and the assignment clearly state that the accounts receivable are security for the note. Further, the bank president referred to the assignment as a security agreement throughout the trial.

The bank's ownership of the accounts receivable does not alter V.T.C.A. Penal Code, Sec. 32.33's applicability to appellant's conduct. Nothing on the face of the statute makes a distinction between secured creditors who are owners of secured property and secured creditors who are not. The bank's ownership of the accounts merely shows that appellant's conduct was proscribable under both the theft and hindering secured creditors statutes.

In *Jones v. State,* 552 S.W.2d 836 (Tex.Cr. App.1977), the appellant was charged under V.T.C.A. Penal Code, Sec. 31.03(d)(4)(A), but asserted that she should have been charged under Sec. 34 of the Public Welfare Act, a special statute. We agreed with the appellant and dismissed the indictment. As in *Jones,* the special statute involved here is more specific than the general theft statute in three particulars: (1) the victims (secured creditors); (2) the property (property on which there is a security interest or a lien); and (3) the means of theft (destroying, removing, concealing, encumbering, transferring, harming, or reducing the value of the property).

Since there were conflicts between the theft statute and the hindering secured creditors statute both as to elements of proof and penalty provisions and since the penalty provided for was a misdemeanor under the latter statute, appellant should have been charged with hindering secured creditors.

The judgment is reversed and the cause is remanded.