Larry Wayne **WHITFIELD**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–94–00790–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 11, 1996.

Discretionary Review Refused May 8, 1996.

---

**50**

Jay Stuart Nedell, Houston, for Appellant.

John B. Holmes, Jr., Kimberly A. Stelter, Susan Brown, Houston, for Appellee.

Before OLIVER–PARROTT, C.J., and COHEN and TAFT, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

Appellant, *Larry Wayne Whitfield*, was indicted for the offense of delivery (by offer to sell) of a controlled substance. A jury found him guilty and the court assessed punishment at 20 years and fined appellant $500. Appellant appeals his conviction, contending that the trial court erred by failing to grant his requested charge to the jury for the offense of unlawful delivery of a simulated controlled substance and for failing to grant appellant's motion for directed verdict. This appeal involves the distinctions between the offense of delivery (by offer to sell) of a *controlled* substance and delivery of a *simulated* controlled substance. We affirm.

### Facts

In October of 1993, undercover officer Donald DeBlanc contacted appellant to arrange the purchase of two kilograms of cocaine. Appellant, acting as middleman, agreed on a price of $35,000 and arranged the sale between DeBlanc and appellant's connection (the "Colombians").

On November 3, 1993, DeBlanc met with appellant in a parking lot adjacent to appellant's apartment. Appellant asked to see the money for the transaction, whereby DeBlanc signaled undercover agent Anderson who was waiting in his vehicle, to bring the money. After appellant was satisfied, Anderson left with the money and DeBlanc accompanied appellant back to appellant's apartment where appellant telephoned the Colombians. The Colombians arrived at appellant's apartment, and after further price negotiations, the Colombians left to retrieve the cocaine.

Upon returning, the Colombians met appellant and DeBlanc in the parking area of appellant's apartment complex. DeBlanc asked to see the cocaine, and one of the Colombians produced a shoe box containing what appeared to be two kilograms of cocaine. The package was never opened and a sample was never taken.

The Colombians drove off with the shoe box, telling DeBlanc to call them when he returned with the money. Once the Colombians left, DeBlanc gave the signal, and the Colombians were arrested a short distance away. Unaware of the arrest, but concerned about police in the area, appellant walked back toward his apartment scouting the area. DeBlanc left in his vehicle to canvass the

area and then went back to appellant's apartment to arrest him; however, appellant could not be located. Subsequently, an arrest warrant was issued, and appellant was arrested.

The purported cocaine was, in fact, two packages of dominoes wrapped in duct-tape and made to look like kilograms of cocaine. Additionally, DeBlanc testified that he never saw appellant possess cocaine and there was never any cocaine or any other contraband found on appellant or in his apartment.

### Points of Error

Appellant contends in his first point of error that the trial court erred by failing to grant his jury charge for the offense of unlawful delivery of a simulated controlled substance. In a related point of error, appellant argues that the trial court erred by failing to grant his motion for instructed verdict. The core of appellant's arguments are essentially the same: he argues that he should have been convicted of delivery of a *simulated* controlled substance under TEX.HEALTH & SAFETY CODE ANN. § 482.002 rather than delivery (by offer to sell) of a *controlled* substance under TEX.HEALTH & SAFETY CODE ANN. § 481.112.

### Comparison of Statutes

TEX.HEALTH & SAFETY CODE ANN. § 481.112 (Vernon 1992), provides in pertinent part:

(a) Except as authorized by this chapter, a person commits an offense if the person knowingly or intentionally ... delivers, or possesses with the intent to ... deliver a controlled substance listed in Penalty Group 1.[1]

. . . .

(c) A person commits an aggravated offense if the person commits an offense under Subsection (a) and the amount of the controlled substance to which the offense applies is, by aggregate weight, including adulterants or dilutants, 28 grams or more.

(d) An offense under Subsection (c) is:

. . . .

(3) punishable by confinement ... for life or for a term of not more than 99 years or less than 15 years, and a fine not to exceed $250,000, if the amount of the controlled substance to which the offense applies is, by aggregate weight, including adulterants or dilutants, 400 grams or more.

The term "delivery" under this statute includes *offering to sell* a controlled substance. TEX.HEALTH & SAFETY CODE ANN. § 481.002(8) (Vernon 1992).

The Simulated Controlled Substances Act, TEX.HEALTH & SAFETY CODE ANN. § 482.002 (Vernon 1992), provides in pertinent part:

(a) A person commits an offense if the person knowingly or intentionally ... delivers a simulated controlled substance and the person:

(1) expressly represents the substance to be a controlled substance;

(2) represents the substance to be a controlled substance in a manner that would lead a reasonable person to believe that the substance is a controlled substance; or

(3) states to the person receiving or intended to receive the simulated controlled substance that the person may successfully represent the substance to be a controlled substance to a third party.

"Delivery" under section 482.002 also includes *offering to sell* a simulated controlled substance as part of its definition. TEX. HEALTH & SAFETY CODE ANN. § 482.001(2) (Vernon 1992).

■ Therefore, to be convicted under section 481.112 for delivery of a controlled substance, a person must (1) knowingly or intentionally (2) deliver or *offer to sell* (3) a controlled substance. *Stewart v. State,* 718 S.W.2d 286, 288 (Tex.Crim.App.1986).

■ To be convicted under section 482.002 for delivering or offering to sell a "simulated" controlled substance, a person must (1) knowingly or intentionally (2) deliver or *offer to sell* (3) a simulated controlled substance; and (4) must expressly represent

---

1. Cocaine is a controlled substance listed in Penalty Group 1. TEX.HEALTH & SAFETY CODE ANN.

§ 482.102(3)(D) (Vernon 1992).

the substance to be a controlled substance or represent the substance to be a controlled substance in a manner that would lead a reasonable person to believe that the substance is a controlled substance or state to the person receiving or intended to receive the simulated substance that the person may successfully represent the substance to be a controlled substance to a third party. *Stewart,* 718 S.W.2d at 288.

The court in *Rodriguez v. State* demonstrated how a defendant could be convicted under either statute based upon one set of facts. 879 S.W.2d 283, 284 (Tex.App.—Houston [14th Dist.] 1994, pet ref'd). In *Rodriguez,* the appellant offered to sell an undercover officer 20 kilograms of cocaine for $310,000. When appellant met with the officer to consummate the deal, the officer requested to see the cocaine and appellant showed him a bag containing brick-shaped packages that appeared to be 20 kilograms of cocaine. After viewing the packages, the officer signaled the arrest team and appellant was arrested for selling a controlled substance under section 481.112. However, when the brick-shaped packages were opened, they were found to contain only flour. *Rodriguez,* 879 S.W.2d at 284.

Similarly to the case at bar, the appellant in *Rodriguez* appealed his conviction arguing that he should have been indicted in violation of section 482.002 rather than section 481.112. After analysis of both statutes, the court concluded that appellant was subject to conviction under either statute. The court reasoned that the appellant knowingly and intentionally made delivery, by *offering to sell,* a controlled substance (section 481.112). Furthermore, the appellant knowingly and intentionally *delivered* a simulated controlled substance after representing the substance to be a controlled substance in a manner that would lead a reasonable person to believe that the substance is a controlled substance (section 482.002). Thus, appellant's conduct satisfied the elements of both statutes. *See Rodriguez,* 879 S.W.2d at 283.

However, the court concluded that the two statutes were in *pari materia,*[2] and since section 482.002 more specifically describes appellant's conduct, he should have been convicted under section 482.002 rather than section 481.112. *Rodriguez,* 879 S.W.2d at 285.

The facts in this case are analogous to those in *Rodriguez.* However, there is one crucial difference. The appellant in *Rodriguez* was the *actual supplier* of the substance; therefore, he could satisfy the knowledge and intent element of both statutes by *offering to sell* a controlled substance *and* by *delivering* a simulated controlled substance. Since the appellant in this case was the *middleman* rather than the actual supplier, the knowledge and intent element can only be satisfied as to section 481.112; delivery by *offering to sell* a controlled substance. It cannot be determined from the record whether the appellant had the requisite knowledge or intent to *deliver* a simulated substance under section 482.002 since he was not the one delivering the substance. To prove knowledge or intent to deliver a *simulated* substance, it would have to be shown that appellant knew the substance the Colombians were bringing was a fabrication. Additionally, since appellant did not offer to sell a simulated controlled substance, he cannot be convicted of delivery, by *offer to sell,* a simulated controlled substance.

Appellant did not testify and, therefore, could not be questioned about his knowledge or intent to deliver a simulated substance. Additionally, there is no proof he conspired with the Colombians to defraud the undercover officers. In fact, there is evidence to the contrary. Not only did appellant give DeBlanc his real name, he brought DeBlanc to his apartment to negotiate the deal. These facts are simply inconsistent with one who is planning a scam.

The State has clearly established the elements of section 481.112. Since neither the

---

**2.** The rule states that where one statute broadly defines an offense, and a second more narrowly describes another offense, complete within itself, which proscribes conduct that would otherwise meet every element of the broader provision, the statutes are in *pari materia. Cheney v. State,* 755 S.W.2d 123, 127 (Tex.Crim.App.1988); *Mills v. State,* 722 S.W.2d 411, 414 (Tex.Crim.App.1986); *Rodriguez,* 879 S.W.2d at 285.

knowledge nor intent element of section 482.002 can be established, there was no evidence showing appellant was guilty of delivering a simulated controlled substance. Appellant's second point of error is without merit and is overruled.

Appellant argues in his first point of error that, because he should have been convicted under section 482.002 rather than section 481.112, the former becomes an affirmative defense to a conviction under 481.112 and, as such, should have been listed in the charge to the jury.

This argument is without merit. An offense is not an affirmative defense. Furthermore, even if the Court were to entertain the idea that being guilty under section 482.002 could be an affirmative defense to section 481.112, appellant has not brought forth evidence to support this contention by a preponderance of the evidence. *See* TEX.PENAL CODE ANN. § 2.04 (Vernon 1994). As stated above, appellant could not be convicted under section 482.002 because there is no evidence that appellant was aware that the substance delivered to DeBlanc was a simulated controlled substance.

Accordingly, appellant's first point of error is without merit and is overruled.

We affirm the trial court's judgment.