**Armando Miranda RAMOS and Frederick Douglass Dunn, Appellants,**

v.

**The STATE of Texas, Appellee.**

Nos. 14–94–00526–CR, 14–94–00528–CR.

Court of Appeals of Texas, Houston (14th Dist.).

June 20, 1996.

Discretionary Review Refused Sept. 25, 1996.

Robert G. Inger, Houston, for appellants.

Alan Curry, Houston, for appellees.

Before YATES, FOWLER and O'NEILL, JJ.

**OPINION**

YATES, Justice.

A jury found appellants, Frederick Douglass Dunn and Armando Miranda Ramos, guilty of the offense of delivery by offering to sell a controlled substance. TEX. HEALTH & SAFETY CODE ANN. § 481.112 (Vernon 1992).[1]

---

1. The crime for which appellants were convicted was committed before September 1, 1994, the effective date of the revised health and safety code. *See* Acts 1993, 73rd Leg., Ch. 900, § 2.02.

The trial court made an affirmative finding that appellants used a deadly weapon in the commission of the offense, and assessed punishment at twenty-five years confinement in the Institutional Division of the Texas Department of Criminal Justice and a fine of $100. In five points of error, appellants allege the trial court erred by: (1) adjudicating their guilt when the evidence is insufficient to support their convictions and to corroborate the delivery of a controlled substance by offer to sell; (2) admitting an audio tape; (3) failing to charge the jury on the lesser-included offense of delivery by offer to sell a simulated controlled substance; and (5) denying their motion to declare Chapters 481 and 482, or alternatively to declare specific sections of Chapters 481 and 482 of the Texas Health and Safety Code, unconstitutional. We reverse and remand.

An undercover police officer negotiated a sale of cocaine with a narcotics broker, who arranged for his sources to deliver the cocaine to his apartment. Shortly after the officer arrived at the broker's apartment, appellants joined him and began to discuss with the officer the specifics of the narcotics transaction. Appellants left the apartment, assuring the officer they would return with the cocaine. Upon their return, the officer asked to see the cocaine. Appellants showed the officer a bag containing a shoe box which appeared to the officer to contain two kilograms of cocaine. Because the officer did not have the money on hand, appellants left, promising to return when the cash was available. The officer signaled an arrest team who had a patrol car stop and arrest appellants. The investigating officers recovered an automatic weapon, ammunition, and a set of handcuffs from the automobile, but no cocaine. What had originally appeared to the officer to be two kilograms of cocaine turned out to be dominoes, packaged to look like cocaine.

In their first point of error, appellants maintain the evidence is insufficient to support their conviction for delivery of a controlled substance by offer to sell under

Section 481.112, and they should have been indicted for the more specific offense of delivery of a simulated controlled substance under Section 482.002 of the Texas Health and Safety Code. We agree that Sections 481.112 and 482.002 are in pari materia. *Rodriguez v. State,* 879 S.W.2d 283, 286 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd). We disagree, however, with appellants' contention that because the statutes are in pari materia, the evidence is insufficient to sustain their conviction.

■ When statutes are in pari materia, the State should charge the accused under the more specific statute if it proscribes the particular conduct in which the accused engaged. *Id.* In this case, the State indicted and convicted appellants under Section 481.112, which provides that a person commits the offense of delivery of a controlled substance if he knowingly or intentionally delivers, by offering to sell, a controlled substance. § 481.112. Section 482.002 provides that a person commits an offense if he knowingly or intentionally delivers a simulated controlled substance, and he expressly represents the substance to be a controlled substance, or represents the substance to be a controlled substance in a manner that would lead a reasonable person to believe that the substance is a controlled substance. § 482.002. A simulated substance is a substance chemically different than it is purported to be. § 482.001(4). "Delivery" under Section 482.002 also includes offering to sell a simulated controlled substance. *Rodriguez,* 879 S.W.2d at 285.

■ We find Section 482.002 more specifically describes appellants' conduct, and that their actions precisely conform with the description of the offense proscribed by Section 482.002. The record reflects that appellants expressly represented by their words, and by the manner in which they packaged the substance, that they were offering to deliver cocaine to the undercover officer. The narcotics team apprehended appellants before they could deliver the purported controlled substance, which turned out to be brown

---

Therefore, all references to the health and safety code are to the code in effect at the time the crime was committed.

paper packages of dominoes, a substance chemically different from cocaine. Therefore, the State should have charged appellants with the offense of delivery of a simulated controlled substance.

The State argues that *Stewart v. State,* 718 S.W.2d 286 (Tex.Crim.App.1986) is controlling. In *Stewart,* the court of criminal appeals found the evidence sufficient to sustain a conviction for the offense of delivery by offering to sell a controlled substance when the substance was later found not to be a controlled substance. *Id.* The court based its holding on the fact that when delivery is by an offer to sell, no transfer need take place, and the offense is complete when a person offers to sell what he represents is a controlled substance. *Id.* at 288. Thus, we agree with the State that *Stewart* is controlling to the extent that it holds the evidence is sufficient to sustain a conviction under either statute.

However, as noted by this court in *Rodriguez,* the legislature had not yet enacted Section 482.002 at the time *Stewart* was decided. *Rodriguez,* 879 S.W.2d at 286. Further, *Stewart* specifically left open the question before this court today, and the question addressed by this court in *Rodriguez,* namely, whether appellant could be prosecuted for delivery by offer to sell under the Controlled Substances Act after the enaction of the Simulated Controlled Substances Act. As stated above, and consistent with our holding in *Rodriguez,* we find that he cannot. Accordingly, appellant's first point of error is sustained in part and overruled in part. Because the disposition of this point of error requires that we reverse and remand, we decline to address appellant's remaining points of error.

We reverse the judgment of the court below and remand with instructions to dismiss the indictment.