Opinion issued October 9, 2003











In The
Court of Appeals
For the
First District of Texas
____________

NO. 01-03-00905-CV
____________

IN RE RAHMAN ADAM WILLIAMS, Relator




Original Proceeding on Petition for Writ of Mandamus




OPINION ON REHEARINGRelator Rahman Adam Williams has filed a motion for rehearing in which she
claims her petition was filed on September 1, 2003, not September 3, 2003, because
her petition bears a legible, September 1, 2003 postmark affixed by the United States
Postal Service. See Tex. R. App. P. 9.2(b) (filing by mail). Williams also contends
that because September 1, 2003 was a legal holiday (Labor Day), then the period for
her to file her petition is extended to September 2, 2003. See Tex. R. App. P. 4.1(a)
(computing time for filing); see also Tex. Gov’t Code Ann. § 662.003(a)(6)
(Vernon Supp. 2003), §§ 662.021, .022 (Vernon 1994) (designating Labor Day as
legal holiday on which public offices may be closed).
          The Act removing Brazos County from the First and Fourteenth Courts of
Appeals Districts was effective September 1, 2003. Act of May 1, 2003, 78th Leg.,
R.S., ch. 44, § 3, 2003 Tex. Sess. Law Serv. 81, 81 (Vernon). If the Act were to
provide that the First and Fourteenth Courts of Appeals retain jurisdiction over any
appeals or original proceedings from Brazos County filed before the effective date of
the Act, then Williams could only benefit from the mailbox rule—Texas Rule of
Appellate Procedure 9.2(b)—if her petition was postmarked before September 1,
2003. Her petition was not postmarked before September 1, 2003. The Act also does
not allow the First and Fourteenth Courts to retain jurisdiction merely because the
case was filed before September 1, 2003. The Act provides that the only cases not
affected by the change in the First and Fourteenth Court’s jurisdiction are those cases
filed in the First and Fourteenth Courts of Appeals in which transcripts


 were filed
before the effective date of the Act. Act of May 1, 2003, 78th Leg., R.S., ch. 44, §
2, 2003 Tex. Sess. Law Serv. 81, 81 (Vernon). Therefore, even if her petition had
been postmarked before September 1, 2003, we would only have had jurisdiction if
the “transcript” was also filed before September 1, 2003.



          Finally, there is no statute that would extend the effective date of the Act
merely because it falls on a Saturday, Sunday, or legal holiday. Cf. Code
Construction Act, Tex. Gov’t Code Ann. §§ 311.002, .014 (Vernon 1998) (period
of time set forth in specified code or rule adopted under such code that ends on
Saturday, Sunday, or legal holiday is extended to next day that is not Saturday,
Sunday, or legal holiday). The only state-law limitation on the legislature’s power
to choose the effective date of an act is set forth in Texas Constitution article III,
section 39.
          In the alternative, Williams claims we should have transferred her petition to
the Tenth Court of Appeals in Waco. We have no authority to transfer appeals or
original proceedings to any other court of appeals except the Fourteenth Court of
Appeals. See Tex. Gov’t Code Ann. §§ 22.202(i), .215(e) (Vernon 1988) (subject
to Government Code section 73.001, authorizing clerks of First and Fourteenth
Courts of Appeals to equalize dockets of two courts by transferring cases from one
court to other), § 73.001 (Vernon 1998) (authorizing supreme court to transfer cases
from one court of appeals to another); 1st & 14th Tex. App. (Houston) Docket
Equalization Practices for Original Proceedings, reprinted at 916 S.W.2d 49;
Miles v. Ford Motor Co., 914 S.W.2d 135, 137 (Tex. 1995); Time Warner
Entertainment Co. v. Hebert, 916 S.W.2d 47, 48 n.2 (Tex. App.—Houston [1st Dist.]
1996, order, no writ); see also Act of June 1, 2003, 78th Leg., R.S., ch. 1330, art. IV,
§ 1, Supreme Court of Texas, rider 2 (directing supreme court to equalize dockets of
fourteen courts of appeals), § 5 (encouraging chief justices of courts of appeals to
cooperate with chief justice of supreme court in equalizing dockets of courts of
appeals), 2003 Tex. Sess. Law Serv. 5023, 5548, 5578 (Vernon).



          We overrule the motion for rehearing.
 
PER CURIAM
Panel consists of Justices Hedges, Nuchia, and Higley.