**TIME WARNER ENTERTAINMENT COMPANY, L.P.; Lee Grant; Home Box Office, Inc.; and Joseph Feury Productions, Inc., Appellants,**

v.

**Mike HEBERT, Appellee.**

No. 01–96–00033–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 10, 1996.

R. James George, Jr., Julie A. Ford, Ben J. Cunningham, Peter D. Kennedy, Austin, for appellants.

John O'Quinn, Samuel Palermo, Jennifer Hogan, T. Gerald Treece, David Holman, Richard Hogan, Jr., Roger Townsend, Houston, Paul Webb, Vincent Marable, 3rd, Wharton, for appellee.

Before COHEN, WILSON and HEDGES, JJ.

**ORDER**

PER CURIAM.

This is an interlocutory appeal from the denial of a motion for summary judgment by members of the electronic or print media when the grounds of the motion for summary judgment are based on (1) the free speech or free press clause of the First Amendment, (2) the Texas Constitution article I, section 8, or (3) Civil Practice and Remedies Code

chapter 73.[1]  *See* TEX.CIV.PRAC. & REM.CODE ANN. § 51.014(6) (Vernon Supp.1996).  Before reaching the merits of the appeal, however, we must determine whether we have jurisdiction over it.

Appellee Mike Hebert filed suit on August 11, 1993, against appellants Lee Grant, Home Box Office, Inc., and Joseph Feury Productions, Inc. and defendant Randy Burton. Hebert sued under theories of false-light privacy, intentional infliction of emotional distress, and defamation for the harm he and his son allegedly suffered as a result of the production and airing of the television documentary *America Under Cover: Women on Trial.*  Hebert filed his first amended petition on September 20, 1993, adding appellant Time Warner Entertainment Company, L.P. and defendant Time Warner, Inc. as defendants.  Time Warner Entertainment Company, L.P., Lee Grant, Home Box Office, Inc., and Joseph Feury Productions, Inc. moved for summary judgment on March 4, 1994, based in part on section 73.002 of the Civil Practice and Remedies Code and the federal and state constitutions.  U.S. CONST. amend. I; TEX. CONST. art. I, § 8; TEX.CIV.PRAC. & REM.CODE ANN. § 73.002 (Vernon 1986). Time Warner Entertainment Company, L.P., Lee Grant, Home Box Office, Inc., and Joseph Feury Productions, Inc. filed a supplemental motion for summary judgment on August 22, 1994.  The trial court conducted hearings on the motions for summary judgment, which concluded in August 1995 without a ruling.  After an original proceeding in this Court, the trial court denied the motion for summary judgment on January 2, 1996. *See Grant v. Wood,* 916 S.W.2d 42 (Tex. App.—Houston [1st Dist.] 1995, orig. proceeding).  Jury selection in the underlying suit is scheduled to begin tomorrow.[2]

Hebert argues that relators are not entitled to an interlocutory appeal under Civil Practice and Remedies Code section 51.014(6) because the underlying suit was filed before the effective date of the 1993 act. Section 3 of the legislation enacting section 51.014(6) states:

(a) This Act takes effect September 1, 1993.

(b) This Act shall not apply to any matters in litigation prior to the effective date of this Act.

(c) This Act applies only to the appeal of an interlocutory order from a court if the order was rendered on or after the effective date of this Act.  An interlocutory order rendered before the effective date of this Act is governed by the law in effect at the time the order was rendered, and that law is continued in effect for that purpose.

Act of May 25, 1993, 73d Leg., R.S., ch. 855, § 3, 1993 Tex.Gen.Laws 3365, 3366.  We agree with Hebert that appellants Lee Grant, Home Box Office, Inc., and Joseph Feury Productions, Inc. are not entitled to an interlocutory appeal because the lawsuit between Hebert and them was a "matter in litigation" prior to the effective date of the 1993 act.  *See H & C Communications, Inc. v. Reed's Food Int'l, Inc.,* 887 S.W.2d 475, 477 (Tex.App.—San Antonio 1994, no writ). We disagree, however, that the lawsuit against appellant Time Warner Entertainment Company, L.P. was a "matter in litigation" on September 1, 1993 because Time Warner Entertainment Company, L.P. was not sued until September 20, 1993.  Therefore, we hold we have jurisdiction only over the interlocutory appeal brought by Time Warner Entertainment Company, L.P.

The Court has considered the appellants' motion for immediate stay of the trial court's proceedings pending the disposition of this interlocutory appeal and grants the motion in part as to Time Warner Entertainment Company, L.P. and overrules the motion in part

---

1. TEX.CIV.PRAC. & REM.CODE ANN. §§ 73.001–.006 (Vernon 1986).

2. The district clerk of Harris County assigned this interlocutory appeal to the Fourteenth Court of Appeals.  *See* TEX.GOV'T CODE ANN. §§ 22.202(h), .215(e) (Vernon 1988).  The clerk of the Fourteenth Court transferred the appeal to this Court pursuant to TEX.GOV'T CODE ANN. §§ 22.202(i), .215(e) (Vernon 1988) and the February 8, 1990, joint order of the First and Fourteenth Courts of Appeals implementing docket equalization practices for original proceedings (appendix A).  *See generally* TEX.GOV'T CODE ANN. § 73.001 (Vernon 1988); *Miles v. Ford Motor Co.,* 39 Tex.Sup.Ct.J. 173, 914 S.W.2d 135 (1995).

as to the remaining appellants. *See* TEX. R.APP.P. 43(c). The Court will issue an opinion and render judgment at a later date after considering the merits of the interlocutory appeal by Time Warner Entertainment Company, L.P.[3]

It is so **ORDERED.**

### APPENDIX A

### ORDER IMPLEMENTING DOCKET EQUALIZATION PRACTICES FOR ORIGINAL PROCEEDINGS

Effective February 8, 1990

IT IS ORDERED by the Court of Appeals for the First District of Texas and the Court of Appeals for the Fourteenth District of Texas that the following procedure apply to the determination of assignment of original proceedings to the Houston Courts of Appeals.

Except as noted below, assignment of original proceedings shall be alternated between the courts. During the first six months of a calendar year, relators shall first present any original proceeding to the clerk of the First Court of Appeals. During the last six months of a calendar year, relators shall first present any original proceeding to the clerk of the Fourteenth Court of Appeals. The clerk shall log in each original proceeding sequentially. The clerk shall assign odd-numbered original proceedings to the First Court of Appeals and even-numbered proceedings to the Fourteenth Court of Appeals. If a related appeal or original proceeding previously has been filed in one of the courts, the clerk shall assign the proceeding to the court hearing the related matter. All original proceedings shall contain a certification that the petition has not been filed in any other court of appeals.

IT IS FURTHER ORDERED that this procedure shall become effective on February 8, 1990.

IT IS FURTHER ORDERED that this order shall be recorded in the Minutes of the Courts.

---

3. The trial court, of course, retains jurisdiction over the cause and may proceed with the trial between Hebert and all appellants/defendants ex-

/s/ Frank G. Evans
FRANK G. EVANS, Chief Justice
Court of Appeals for First District of Texas

/s/ J. Curtiss Brown
J. CURTISS BROWN, Chief Justice
Court of Appeals for Fourteenth District of Texas

cept Time Warner Entertainment Company, L.P. TEX.R.APP.P. 43(d).