**In re Rahman Adam WILLIAMS, Relator.**

No. 01–03–00905–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 9, 2003.

As Corrected Oct. 9, 2003.

Opinion Overruling Rehearing Oct. 9, 2003.

Yolanda D. Clay, Houston, for relator.

Ruby Babineaux, Bryan, pro se real party in interest.

Panel consists of Justices HEDGES, NUCHIA, and HIGLEY.

## OPINION

PER CURIAM.

On September 3, 2003, relator Rahman Adam Williams filed a petition for a writ of

mandamus complaining of Judge Smith's[1] denial of a writ of habeas corpus.

Effective September 1, 2003, Brazos County is no longer a part of either the First or Fourteenth Court of Appeals District. Act of May 1, 2003, 78th Leg., R.S., ch. 44, 2003 Tex. Sess. Law Serv. 81 (Vernon) (to be codified as an amendment of Tex. Gov't Code Ann. § 22.201(b), (o)). A court of appeals or a justice of the court has jurisdiction to issue writs—other than writs of mandamus against a district or county court judge *in the court of appeals district*—only when necessary to enforce the jurisdiction of the appellate court.

Tex. Gov't Code Ann. § 22.221(a), (b) (Vernon Supp.2003). Because Brazos County is no longer in the First Court of Appeals District and this is not a petition of a writ of mandamus to enforce this Court's jurisdiction, we have no subject-matter jurisdiction to issue a writ of mandamus directed at Judge Smith.

■ This is not the first time this Court has said farewell to the citizens of Brazos County. When this Court was created in 1892, Brazos County was one of the 57 counties in the first supreme judicial district.[2] Brazos County continued as a part

---

**1.** The Honorable Steve Smith, judge of the 361st District Court of Brazos County, Texas. The underlying lawsuit is *Ex parte Williams*, No. 03–001787–CV–361 (361st Dist. Ct., Brazos County, Tex.).

**2.** *See* Act approved Apr. 13, 1892, 22d Leg., 1st C.S., ch. 18, § 5, 1892 Tex. Gen. Laws 45,45, *reprinted in* 10 H.P.N. Gammel, The Laws of Texas 1822–1897, at 409, 409 (Austin, Gammel Book Co. 1898) (creating first [Galveston], second [Fort Worth], and third [Austin] supreme judicial districts), *amended by* Act approved May 13, 1893, 23d Leg., R.S., ch. 116, § 7, 1893 Tex. Gen. Laws 171, 172, *reprinted in* 10 H.P.N. Gammel, at 601, 602 (creating fourth [San Antonio] and fifth [Dallas] supreme judicial districts), *repealed and codified by* Revised Statutes, 24th Leg., R.S., § 1, art. 21, sec. 1, § 4, 1895 Tex.Rev.Civ. Stat. lxiv, 15 (codification), 1103 (repealer), *amended by* Act approved Apr. 29, 1907, 30th Leg., R.S., ch. clxxiv, § 1, art. 21, 1907 Tex. Gen. Laws 324, 324 (creating sixth [Texarkana] supreme judicial district), *amended by* Act approved Apr. 3, 1911, 32d Leg., R.S., ch. 120, § 1, art. 21, 1911 Tex. Gen. Laws 269, 269 (creating seventh [Amarillo] and eighth [El Paso] supreme judicial districts), *amended by* Act approved Feb. 10, 1913, 33d Leg., R.S., ch. 6, 1913 Tex. Gen. Laws 7 (placing Culberson County in eighth [El Paso] supreme judicial district), *amended by* Act approved Mar. 22, 1915, 34th Leg., R.S., ch. 70, § 1, 1915 Tex. Gen. Laws 121, 121 (creating ninth [Beaumont] supreme judicial district), *amended by* Act of Mar. 13, 1923, 38th Leg., R.S., ch. 74, § 1, 1923 Tex. Gen. Laws 152, 152 (creating tenth [Waco] supreme judicial

district and moving Brazos County from the first [Galveston] to the tenth [Waco] supreme judicial district), *amended by* Act approved Mar. 17, 1925, 39th Leg., R.S., ch. 87, § 1, 1925 Tex. Gen. Laws 258, 258 (creating eleventh [Eastland] supreme judicial district), *repealed and codified by* Revised Statutes, 39th Leg., R.S., § 1, art. 198, § 2, 1925 Tex.Rev. Civ. Stat. 2, 76 (codified), 2419 (repealer), *amended by* Act approved Mar. 31, 1927, 40th Leg., R.S., ch. 255, § 1, art. 198, 1927 Tex. Gen. Laws 378, 378 (redistricting supreme judicial districts), *amended by* Act approved Feb. 19, 1929, 41st Leg., R.S., ch. 51, § 1, art. 198, 1929 Tex. Gen. Laws 106, 106 (redistricting supreme judicial districts), *amended by* Act approved Sept. 22, 1932, 42d Leg., 3d C.S., ch. 38, § 1, art. 198, 1932 Tex. Gen. Laws 103, 103 (redistricting supreme judicial districts), *amended by* Act approved Sept. 26, 1934, 43d Leg., 3d C.S., ch. 31, § 1, art. 198, 1934 Tex. Gen. Laws 54, 54 (redistricting supreme judicial districts), *amended by* Act of Mar. 24, 1939, 46th Leg., R.S., tit. courts, ch. 1, § 1, art. 198, 1939 Tex. Gen. Laws 148, 148 (redistricting supreme judicial districts), *amended by* Act of June 18, 1941, 47th Leg., R.S., ch. 641, § 1, art. 198, 1941 Tex. Gen. Laws 1408, 1408 (redistricting supreme judicial districts), *amended by* Act of May 8, 1963, 58th Leg., R.S., ch. 198, § 1, art. 198, 1963 Tex. Gen. Laws 539, 539 (creating twelfth [Tyler] and thirteenth [Corpus Christi] supreme judicial districts), *amended by* Act of May 22, 1963, 58th Leg., R.S., ch. 357, § 1, art. 198, 1963 Tex. Gen. Laws 927, 927 (redistricting supreme judicial districts), *amended by* Act of May 29, 1967, 60th Leg., R.S., ch.

of this Court's district for 31 years, when the legislature in 1923 created the Tenth Court of Civil Appeals in Waco and moved Brazos County from the first to the tenth supreme judicial district. Act of Mar. 13, 1923, 38th Leg., R.S., ch. 74, § 1, 1923 Tex. Gen. Laws 152, 152 (since amended). In 1967, the legislature placed Brazos County in the first, tenth, and fourteenth supreme judicial districts. For the next 36 years, appeals from Brazos County could be brought to either the First, Tenth, or Fourteenth Courts of (Civil) Appeals. *See* Act of May 29, 1967, 60th Leg., R.S., ch. 728, § 1, art. 198, 1967 Tex. Gen. Laws 1952, 1952 (since amended). Now the legislature has once again taken Brazos County out of this Court's district (as well as the Fourteenth Court's), and mandamus proceedings against the district and county court judges of Brazos County, as well as appeals from Brazos County, may only be brought to the Tenth Court of Appeals at Waco. *See* TEX. GOV'T CODE ANN. § 22.201(k) (Vernon 1988).

Without reaching the merits of Williams's petition for a writ of mandamus, we dismiss it for want of jurisdiction.

## OPINION ON REHEARING

Relator Rahman Adam Williams has filed a motion for rehearing in which she claims her petition was filed on September 1, 2003, not September 3, 2003, because her petition bears a legible, September 1, 2003 postmark affixed by the United States Postal Service. *See* TEX.R.APP. P. 9.2(b) (filing by mail). Williams also contends that because September 1, 2003 was a legal holiday (Labor Day), then the period for her to file her petition is extended to September 2, 2003. *See* TEX.R.APP. P. 4.1(a) (computing time for filing); *see also* TEX. GOV'T CODE ANN. § 662.003(a)(6) (Vernon Supp.2003), §§ 662.021, .022 (Vernon 1994) (designating Labor Day as legal holiday on which public offices may be closed).

The Act removing Brazos County from the First and Fourteenth Courts of Appeals Districts was effective September 1, 2003. Act of May 1, 2003, 78th Leg., R.S., ch. 44, § 3, 2003 Tex. Sess. Law Serv. 81, 81 (Vernon). If the Act were to provide that the First and Fourteenth Courts of Appeals retain jurisdiction over any appeals or original proceedings from Brazos County filed before the effective date of the Act, then Williams could only benefit from the mailbox rule—Texas Rule of Appellate Procedure 9.2(b)—if her petition was postmarked *before* September 1, 2003. Her petition was not postmarked before

728, § 1, art. 198, 1967 Tex. Gen. Laws 1952, 1952 (creating fourteenth [Houston] supreme judicial district; Brazos County included in first [Houston] and fourteenth [Houston] supreme judicial districts), *amended by* Act of June 1, 1981, 67th Leg., R.S., ch. 291, § 1, art. 198, 1981 Tex. Gen. Laws 761, 761 (renaming "courts of civil appeals" as "courts of appeals"), *repealed and codified by* Act of May 17, 1985, 69th Leg., R.S., ch. 480, § 1, sec. 22.201, § 26(1), 1985 Tex. Gen. Laws 1720, 1727 (codification), 2048 (repealer), *amended by* Act of Apr. 30, 1987, 70th Leg., R.S., ch. 148, § 1.02, sec. 22.201, 1987 Tex. Gen. Laws 534, 535 (renaming "supreme judicial districts" as "courts of appeals districts"), *amended by* Act of May 1, 2003, 78th Leg., R.S., ch. 44, § 1, sec. 22.201, 2003 Tex. Sess. Law Serv. 81, 81 (removing Brazos County from the first [Houston] and fourteenth [Houston] courts of appeals districts), *amended by* Act of May 27, 2003, 78th Leg., R.S., ch. 315, § 4, sec. 22.201, 2003 Tex. Sess. Law Serv. 1336, 1337 (redistricting courts of appeals districts), *amended by* Act of May 29, 2003, 78th Leg., R.S., ch. 662, § 1, sec. 22.201, 2003 Tex. Sess. Law Serv. 2081, 2081 (redistricting courts of appeals districts). Because the legislature amended this statute in 1911, the statute was not effectively codified into the 1911 Revised Statutes despite its placement in article 29. Revised Statutes, 32d Leg., R.S., § 1, art. 29, § 17, 1911 Tex. Rev.Civ. Stat. 2, 18 ("codification"), 1720 (nullification of codification for laws enacted by the 32nd legislature).

September 1, 2003. The Act also does not allow the First and Fourteenth Courts to retain jurisdiction merely because the case was filed before September 1, 2003. The Act provides that the only cases not affected by the change in the First and Fourteenth Court's jurisdiction are those cases filed in the First and Fourteenth Courts of Appeals in which transcripts[1] were filed before the effective date of the Act. Act of May 1, 2003, 78th Leg., R.S., ch. 44, § 2, 2003 Tex. Sess. Law Serv. 81, 81 (Vernon). Therefore, even if her petition had been postmarked before September 1, 2003, we would only have had jurisdiction if the "transcript" was also filed before September 1, 2003.[2]

Finally, there is no statute that would extend the effective date of the Act merely because it falls on a Saturday, Sunday, or legal holiday. *Cf.* Code Construction Act, Tex. Gov't Code Ann. §§ 311.002, .014 (Vernon 1998) (period of time set forth in specified code or rule adopted under such code that ends on Saturday, Sunday, or legal holiday is extended to next day that is not Saturday, Sunday, or legal holiday). The only state-law limitation on the legislature's power to choose the effective date of an act is set forth in Texas Constitution article III, section 39.

■ In the alternative, Williams claims we should have transferred her petition to the Tenth Court of Appeals in Waco. We have no authority to transfer appeals or original proceedings to any other court of appeals except the Fourteenth Court of Appeals. *See* Tex. Gov't Code Ann. §§ 22.202(i), .215(e) (Vernon 1988) (subject to Government Code section 73.001, authorizing clerks of First and Fourteenth Courts of Appeals to equalize dockets of two courts by transferring cases from one court to other), § 73.001 (Vernon 1998) (authorizing supreme court to transfer cases from one court of appeals to another); 1st & 14th Tex.App. (Houston) Docket Equalization Practices for Original Proceedings, *reprinted at* 916 S.W.2d 49; *Miles v. Ford Motor Co.*, 914 S.W.2d 135, 137 (Tex.1995); *Time Warner Entertainment Co. v. Hebert*, 916 S.W.2d 47, 48 n. 2 (Tex.App.-Houston [1st Dist.] 1996, order, no writ); *see also* Act of June 1, 2003, 78th Leg., R.S., ch. 1330, art. IV, § 1, Supreme Court of Texas, rider 2 (directing supreme court to equalize dockets of fourteen courts of appeals), § 5 (encouraging chief justices of courts of appeals to cooperate with chief justice of supreme court in equalizing dockets of courts of appeals), 2003 Tex. Sess. Law Serv. 5023, 5548, 5578 (Vernon).[3]

We overrule the motion for rehearing.

---

1. We assume, without deciding, that the word "transcripts" in the Act means "clerk's records."

2. If we assume that "transcript" means "clerk's record," and because there is no clerk's record in an original proceeding, we would have no jurisdiction over any original proceeding filed before September 1, 2003 and not finally disposed of before that date. Fortunately, the Clerk of this Court has determined (1) there are no pre-September 1, 2003 pending original proceedings from Brazos County on this Court's docket and (2) the clerk's record has been filed in all pending appeals from Brazos County filed in this Court before September 1, 2003. We, therefore, have no cases that must be transferred to the Tenth Court of Appeals.

3. We assume, without deciding, that Williams could either (1) file in the supreme court a motion to transfer her petition to the Tenth Court of Appeals in Waco, or (2) file a new petition directly with the Tenth Court.