Opinion issued March 15, 2005











In The
Court of Appeals
For the
First District of Texas
____________

NO. 01–05–00207–CV
____________

IN RE SPIRO NIKOLOUZOS BY HIS WIFE JANNETTE NIKOLOUZOS,
Relator




Original Proceeding on Petition for Writ of Injunction




O P I N I O NOn Saturday, March 12, 2005, relator, Spiro Nikolouzos by his wife Jannette
Nikolouzos, filed with this Court both a notice of appeal (appellate cause number
01–05–00206–CV) and a petition for writ of injunction (appellate cause number
01–05–00207–CV) to prevent respondent, St. Luke’s Episcopal Hospital, from taking
Spiro Nikolouzos off life support.
          Notices of appeals directed to the First and Fourteenth Courts of Appeals are
filed with the trial–court clerk, who then makes a random assignment to either Court. 
See Tex. Gov’t Code Ann. § 22.202(h) (Vernon 2004). Original proceedings
directed to the First and Fourteenth Courts of Appeals are filed in the appellate Courts
according to a procedure described in Time Warner Entertainment Co., L.P. v.
Hebert, 916 S.W.2d 47, 49 (Tex. App.—Houston [1st Dist.] 1996, no writ). See also
Tex. Gov’t Code Ann. §§ 22.202(h), .215(e) (Vernon 2004) (authorizing transfer
of cases between the First and Fourteenth Courts of Appeals).
          Because the notice of appeal was filed directly with this Court on a Saturday
and an emergency existed, this Court was unable to wait for the trial–court clerk to
make an assignment of the appeal without the appeal possibly becoming moot. The
Court accepted the notice of appeal pursuant to Texas Rule of Appellate Procedure
25.1(a) and issued a writ of injunction to prevent the appeal from becoming moot. 
See Tex. Gov’t Code Ann. § 22.221(a) (Vernon 2004) (court of appeals may issue
all writs necessary to enforce jurisdiction of court); Tex. R. App. P. 25.1 (a) (“If a
notice of appeal is mistakenly filed with the appellate court, the notice is deemed to
have been filed the same day with the trial court clerk, and the appellate clerk must
immediately send the trial court clerk a copy of the notice.”), (b) (“The filing of a
notice of appeal by any party invokes the appellate court’s jurisdiction over all parties
to the trial court’s judgment or order appealed from. Any party’s failure to take any
other step required by these rules . . . does not deprive the appellate court of
jurisdiction but is ground only for the appellate court to act appropriately, including
dismissing the appeal.”); see also In re Washington, 7 S.W.3d 181, 182 (Tex.
App.—Houston [1st Dist.] 1999, orig. proceeding ) (appellate court has jurisdiction
to determine whether it has jurisdiction).
          On Monday, March 14, 2005, the Clerk of this Court sent a copy of the notice
of appeal to the trial–court clerk pursuant to Texas Rule of Appellate Procedure
25.1(a). The trial–court clerk randomly assigned the appeal to the Fourteenth Court
of Appeals, and the trial–court clerk notified both appellate Courts.
          Because the appeal has not been assigned to this Court, we no longer have
jurisdiction to issue a writ of injunction to protect our appellate jurisdiction of the
appeal. Accordingly, we dissolve the injunction and dismiss the original proceeding.
          It is so ordered.
PER CURIAM
Panel consists of Justices Nuchia, Jennings, and Alcala. Justice Jennings concurring.