**In re Keenan McGEE, Relator.**

**No. 01–06–00120–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 25, 2006.

Keenan McGee, Beeville, TX, for Appellant.

Panel consists of Justices NUCHIA, KEYES, and HANKS.

## OPINION

PER CURIAM.

Relator Keenan McGee has filed a(1) motion for leave to file and (2) petition for a writ of mandamus seeking relief against respondent C. Popp, who is a corrections officer at the William James "Jim" Estelle Unit of the Texas Department of Criminal Justice. The Estelle Unit is located in Walker County.

Relator alleges that Officer Popp confiscated and destroyed his personal property. Relator filed an administrative grievance, which was denied. Relator did not file a suit for judicial review, or any other lawsuit. *See* Administrative Procedure Act, TEX. GOV'T CODE ANN. § 2001.226 (Vernon 2000) (Act does not apply to rule or internal procedure of Texas Department of Criminal Justice applicable to inmate). Finally, relator has neither paid the required filing fees, nor filed an affidavit of indigence, and the time to file an affidavit has expired. *See* TEX.R.APP. P. 5 (requiring payment of fees in civil cases); TEX.R.APP. P. 20.1(a), (c)(2) (establishing indigence); *see also* TEX. GOV'T CODE ANN. §§ 51.207, 51.941(a), 101.041 (Vernon 2005) (listing fees in court of appeals); FEES CIV. CASES B(1), (3) (listing fees in court of appeals).

There are two reasons we must dismiss this original proceeding for want of jurisdiction. First, Walker County is no longer in the First Court of Appeals District, but is instead in the Tenth Court of Appeals District, which is the Waco Court of Appeals. *See* TEX. GOV'T CODE ANN. §§ 22.201(b), (k), 22.211 (Vernon 2004 & Supp.2005). The legislature transferred Walker County to the Tenth Court of Ap-

peals District effective September 1, 2005, before relator's petition was filed. *See* Act of May 27, 2005, 79th Leg., R.S., ch. 542, §§ 1, 5, 2005 Tex. Gen. Laws 1466, 1466. Second, a court of appeals has no general writ power over a person—other than a judge of a district or county court—unless issuance of the writ is necessary to enforce the jurisdiction of the court in a case properly before it. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b) (Vernon 2004); *Silva v. Klevenhagen*, 833 S.W.2d 746, 747 (Tex. App.-Houston [1st Dist.] 1992, orig. proceeding).

As we did with Brazos County three years ago, we take this opportunity to say farewell to the citizens of Walker County. *See In re Williams*, 123 S.W.3d 39, 41 (Tex.App.-Houston [1st Dist.] 2003, orig. proceeding). Walker County has been in the First Court of Appeals District since this Court opened on October 3, 1892 until September 1, 2005, almost 113 years.[1]

We dismiss for want of jurisdiction both the petition for a writ of mandamus and the motion for leave to file the petition.[2]

---

1. Until the 1981 adoption of the calendar year as the term of court, the term of court for the intermediate appellate courts began on the first Monday in October. Act approved Apr. 13, 1892, 22d Leg., 1st C.S., ch. 18, § 8, 1892 Tex. Gen. Laws 45,46, *reprinted in* 10 H.P.N. GAMMEL, THE LAWS OF TEXAS 1822–1897, at 409, 410 (Austin, Gammel Book Co. 1898) (establishing term of court as commencing on first Monday in October and ending on first Monday in July of succeeding year), *repealed and codified by* Revised Statutes, 24th Leg., R.S., § 1, art. 991, § 4, 1895 Tex.Rev.Civ. Stat. lxiv, 233 (codification), 1103 (repealer) (former 1895 Revised Statutes article 991), *amended by* Act approved Apr. 28, 1897, 25th Leg., R.S., ch. 102, § 1, 1897 Tex. Gen. Laws 132,132, *reprinted in* 10 H.P.N. GAMMEL, THE LAWS OF TEXAS 1822–1897, at 1186, 1186 (Austin, Gammel Book Co. 1898) (no change), *repealed and codified by* Revised Statutes, 32d Leg., R.S., § 1, art. 1585, § 4, 1911 Tex.Rev. Civ. Stat. 2, 364 (codification), 1719 (repealer) (former 1911 Revised Statutes article 1585), *repealed and codified by* Revised Statutes, 39th Leg., R.S., § 1, art. 1816, § 4, 1925 Tex.Rev.Civ. Stat. 2, 511 (codification), 2419 (repealer) (former 1925 Revised Statutes arti-

cle 1816), *amended by* Act approved Mar. 11, 1927, 40th Leg., R.S., ch. 79, § 1, 1927 Tex. Gen. Laws 120, 120 (changing term of court to commence on first Monday in October and end on first Monday in October of next year), *amended by* Act approved June 7, 1927, 40th Leg., 1st C.S., ch. 50, § 1, 1927 Tex. Gen. Laws 147, 147 (removing ambiguity regarding previous 1927 amendment that incorrectly suggested vacations of justices should be taken at separate times and not simultaneously), *amended. by* Act of June 1, 1981, 67th Leg., R.S., ch. 291, § 34, 1981 Tex. Gen. Laws 761, 779 (changing term of court to begin and end with calendar year), *repealed and codified by* Act of May 17, 1985, 69th Leg., R.S., ch. 480, § 1, sec. 22.218, § 26(1), 1985 Tex. Gen. Laws 1720, 1729 (codification), 2048 (repealer) (currently Government Code section 22.218); *see Williams*, 123 S.W.3d at 40 n. 2 (listing history of counties in First Court of Appeals District).

2. We note that with the adoption of the 1996 amendments to the Texas Rules of Appellate Procedure, it is no longer necessary to file a motion for leave to file a petition. TEX.R.APP. P. 52 cmt.