Opinion issued May 25, 2006











In The
Court of Appeals
For the
First District of Texas
____________

NO. 01–06–00120–CV
____________

IN RE KEENAN MCGEE, Relator




Original Proceeding on Petition for Writ of Mandamus




O P I N I O NRelator Keenan McGee has filed a (1) motion for leave to file and (2) petition
for a writ of mandamus seeking relief against respondent C. Popp, who is a
corrections officer at the William James “Jim” Estelle Unit of the Texas Department
of Criminal Justice. The Estelle Unit is located in Walker County.
          Relator alleges that Officer Popp confiscated and destroyed his personal
property. Relator filed an administrative grievance, which was denied. Relator did
not file a suit for judicial review, or any other lawsuit. See Administrative Procedure
Act, Tex. Gov’t Code Ann. § 2001.226 (Vernon 2000) (Act does not apply to rule
or internal procedure of Texas Department of Criminal Justice applicable to inmate). 
Finally, relator has neither paid the required filing fees, nor filed an affidavit of
indigence, and the time to file an affidavit has expired. See Tex. R. App. P. 5
(requiring payment of fees in civil cases); Tex. R. App. P. 20.1(a), (c)(2) (establishing
indigence); see also Tex. Gov’t Code Ann. §§ 51.207, 51.941(a), 101.041 (Vernon
2005) (listing fees in court of appeals); Fees Civ. Cases B(1), (3) (listing fees in
court of appeals).
          There are two reasons we must dismiss this original proceeding for want of
jurisdiction. First, Walker County is no longer in the First Court of Appeals District,
but is instead in the Tenth Court of Appeals District, which is the Waco Court of
Appeals. See Tex. Gov’t Code Ann. §§ 22.201(b), (k), 22.211 (Vernon 2004 &
Supp. 2005). The legislature transferred Walker County to the Tenth Court of
Appeals District effective September 1, 2005, before relator’s petition was filed. See
Act of May 27, 2005, 79th Leg., R.S., ch. 542, §§ 1, 5, 2005 Tex. Gen. Laws 1466,
1466. Second, a court of appeals has no general writ power over a person—other
than a judge of a district or county court—unless issuance of the writ is necessary to
enforce the jurisdiction of the court in a case properly before it. See Tex. Gov’t
Code Ann. § 22.221(a), (b) (Vernon 2004); Silva v. Klevenhagen, 833 S.W.2d 746,
747 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding).
          As we did with Brazos County three years ago, we take this opportunity to say
farewell to the citizens of Walker County. See In re Williams, 123 S.W.3d 39, 41
(Tex. App.—Houston [1st Dist.] 2003, orig. proceeding). Walker County has been
in the First Court of Appeals District since this Court opened on October 3, 1892 until
September 1, 2005, almost 113 years.



          We dismiss for want of jurisdiction both the petition for a writ of mandamus
and the motion for leave to file the petition.



 
PER CURIAM
Panel consists of Justices Nuchia, Keyes, and Hanks.