Opinion issued October 11, 2007










In The

Court of Appeals

For the

First District of Texas

____________


NOS. 01-06-00805-CV

 01-07-00817-CV

____________


IN RE ARTHUR JOHNSON, Relator






Original Proceeding on Petitions for Writs of Mandamus and Injunction






MEMORANDUM OPINION Relator Arthur Johnson has filed a motion for leave to file a petition for a writ
of mandamus and petitions for writs of mandamus (case number 01-06-00805-CV)
and injunction (case number 01-07-00817-CV) directed at the Honorable Beverly
Kaufman. (1)

 A court of appeals or a justice of the court has jurisdiction to issue writs--other
than writs of mandamus against a district court or county court judge in the court of
appeals district--only when necessary to enforce the jurisdiction of the appellate
court in a case properly before it. See Tex. Gov't Code Ann. § 22.221(a), (b)
(Vernon 2004); In re McGee, 213 S.W.3d 405, 406 (Tex. App.--Houston [1st Dist.]
2006, orig. proceeding). The jurisdiction of a court of appeals under section
22.221(a) to issue writs is limited to cases in which the court has actual jurisdiction
of a pending proceeding. McGee, 213 S.W.3d at 406; Lesikar v. Anthony, 750
S.W.2d 338, 339 (Tex. App.--Houston [1st Dist.] 1988, orig. proceeding).

 Relator requests that we issue writs of mandamus and injunction directed at the
Harris County Clerk. We have no general writ power over a county clerk. See Tex.
Gov't Code Ann. § 22.221(a) (Vernon 2004); McGee, 213 S.W.3d at 406. We have
no actual jurisdiction over a pending proceeding in this case. Accordingly, we have
no subject-matter jurisdiction over case numbers 01-06-00805-CV and
01-07-00817-CV.

 We dismiss the motion for leave to file a petition for a writ of mandamus (2) and
the petitions for writs of mandamus and injunction for lack of subject-matter
jurisdiction.


PER CURIAM

Panel consists of Justice Nuchia, Jennings, and Keyes.
1. 
 

2.