COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      In re Terr'l La'yonne Mark, Relator

Appellate case number:     01-15-00582-CV

Trial court case number:    14-DCV-214998

Trial court:                387th District Court of Fort Bend County

On July 7, 2015, the relator, Terr'l La'yonne Mark, filed a petition for a writ of mandamus seeking to compel the respondent trial judge to enter an order granting relator's motion to transfer venue, filed on March 31, 2015, of the underlying suit affecting the parent-child relationship from Fort Bend County to the 322nd District Court of Tarrant County, where relator filed a divorce petition under Cause No. 322-571873-15. No motion for temporary relief was filed by relator with the petition, and on July 9, 2015, this Court requested a response to the petition from any real party in interest.

On January 12, 2016, relator filed this "Motion for Temporary Relief to Stay the State Court Proceedings," contending that the 322nd District Court of Tarrant County has now placed his divorce proceeding on the dismissal docket for January 21, 2016. Relator seeks a stay of the proceedings in both the 387th District Court of Fort Bend County and the 322nd District Court of Tarrant County, pending disposition of his mandamus petition. Although no response has been filed by the real party in interest, Traci Ja'Hon Adams, to the petition or this motion yet, relator's certificate of compliance indicates that counsel for the real party in interest has been contacted and is aware of this motion for temporary relief. *See* TEX. R. APP. P. 52.10(a).

This Court's mandamus jurisdiction is governed by Texas Government Code Section 22.221, which expressly limits the mandamus jurisdiction of the courts of appeals to: (1) writs necessary to enforce the jurisdiction of the court of appeals; and (2) writs against specified district or county court judges in the court of appeals district. TEX. GOV'T CODE ANN. §§ 22.221(a), (b) (West Supp. 2015). While Fort Bend County is within this Court's jurisdiction, we lack jurisdiction to issue the requested stay against the

322nd District Court of Tarrant County because this Court neither has jurisdiction over the district courts of Tarrant County nor is such a writ necessary to enforce this Court's appellate jurisdiction. *See* TEX. GOV'T CODE ANN. §§ 22.221(a), (b); *see also* TEX. GOV'T CODE ANN. §§ 22.201(b), (c) (West Supp. 2015); *cf. In re McGee*, 213 S.W.3d 405, 405–06 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding) (dismissing mandamus petition, seeking relief against Walker County officials, for want of jurisdiction). The Second Court of Appeals in Fort Worth has jurisdiction over Tarrant County district courts. *See* TEX. GOV'T CODE ANN. §§ 22.201(c), 22.203(a) (West Supp. 2015).

Accordingly, the Court **denies** the relator's motion for temporary relief to the extent that it seeks to stay the proceedings in Tarrant County, but **grants** the relator's motion for temporary relief to the extent it seeks to stay the proceedings in Fort Bend County. The Court **ORDERS** that the proceedings in Fort Bend County under the above-referenced trial court cause number 14-DCV-214998 are **stayed**. *See* TEX. R. APP. P. 52.10(b). This stay is effective until the mandamus petition in this Court is finally decided or this Court otherwise orders the stay lifted. *See id.* Any party may file a motion for reconsideration of the stay. *See id.* at 52.10(c).

Finally, because a serious question concerning the relief requested in the mandamus petition requires further consideration and no response has been filed yet, the Court requests a response to the petition by real party in interest Traci Ja'Hon Adams. *See* TEX. R. APP. P. 52.8(b)(1). The response, if any, shall be filed **within 10 days** from the date of this order. *See id.* 2, 52.4.

It is so ORDERED.

Judge's signature: /s/ Laura C. Higley
☑ Acting individually    ☐ Acting for the Court

Date: January 13, 2016