United States Court of Appeals
Fifth Circuit

**F I L E D**

February 9, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 03-21066

Tuan Anh Nguyen and Joseph Alfred Boulais,

Petitioners-Appellants,

VERSUS

District Director, Bureau of Immigration and Customs Enforcement
and Alberto R. Gonzales, United States Attorney General,

Respondents-Appellees.

Appeal from the United States District Court
For the Southern District of Texas

Before BARKSDALE, GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:

Petitioners-Appellants Tuan Anh Nguyen and Joseph Boulais (collectively, "Petitioners") appeal the grant of summary judgment to the Government and the denial of Nguyen's 28 U.S.C. § 2241 petition for writ of habeas corpus. Petitioners argue the lower court erred in its determination that: (1) Nguyen did not have a due process right to discretionary relief from a removal order; (2) equitable estoppel was unavailable because the Immigration Naturalization Service ("INS") did not purposefully delay the commencement of removal proceedings; and (3) Nguyen failed to show

the INS's action prejudiced him.  For the following reasons, we AFFIRM.

## I.

Nguyen was born in Vietnam on September 11, 1969, to unmarried parents: Boulais, an American citizen, and a woman who was a Vietnamese citizen.  Nguyen came to the United States with his father in June 1975 as a refugee and became a lawful permanent resident.  Although Boulais raised Nguyen in Texas, he never legally adopted Nguyen; nor did Nguyen ever apply for naturalized citizenship.

On August 28, 1992, Nguyen pleaded guilty to two counts of sexual assault on a child and was sentenced to eight years on each count.[1]  On April 4, 1995, the INS initiated removal proceedings, by issuance of an Order to Show Cause, against Nguyen as an alien convicted of two crimes involving moral turpitude and an aggravated felony, pursuant to § 241(a)(2)(A)(ii)-(iii) of the Immigration and Nationality Act of 1952 ("INA"), 8 U.S.C § 1251(a)(2)(A)(ii)-(iii). The order to show cause was not filed, however, until over a year later in August 1996.  In the interim, immigration laws were amended, and the relevant regulations resulting were less favorable to Nguyen.

Subsequently, two hearings occurred where Nguyen appeared before an immigration judge ("IJ") within Texas state prison.  The

_____

[1] The two assaults occurred on December 1, 1990, and December 12, 1990, and involved two different minors.

2

first hearing took place on November 22, 1996; and there Nguyen, represented by counsel, asserted a claim to United States citizenship. The second hearing occurred on January 3, 1997. There, Nguyen permitted the withdrawal of his counsel. Representing himself, Nguyen testified that he was a national or citizen of Vietnam and that he was convicted of two separate assault offenses in Harris County, as described above and in the April 4, 1995, Order to Show Cause, and sentenced for those convictions to eight years. Based upon Nguyen's testimony, the IJ determined Nugyen to be removable as charged and ineligible, due to the nature of his criminal offenses, to apply for relief from removal. The parties now agree that under *INS v. St. Cyr*, 533 U.S. 289, 326 (2001), the IJ's ruling was erroneous: although Nguyen had a criminal record contemplated by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as triggering removal, discretionary INA § 212(c) relief remained potentially available to Nguyen due to his status as an alien whose conviction was obtained through plea agreement and who would have been eligible for § 212(c) relief at the time of his plea. *See id.; see also United States v. Mendoza-Mata*, 322 F.3d 829, 831 n.3 (5th Cir. 2003). The IJ entered his written order that Nguyen be deported to Vietnam on January 30, 1997.

Nguyen unsuccessfully appealed several issues to the Board of Immigration Appeals ("BIA"), including whether the IJ erred in

3

denying the opportunity to apply for § 212(c) relief. Other issues raised in Nguyen's appeal ultimately proceeded to consideration by a panel of this Court, *see Nguyen v. INS*, 208 F.3d 528 (5th Cir. 2000), and by the Supreme Court of the United States, *see Nguyen v. INS*, 533 U.S. 53 (2001). On direct appeal, this Circuit held that 8 U.S.C. § 1409, the statute preventing U.S. citizenship to a child born out of wedlock to a citizen father unless the father legitimizes the child before the child obtains 18 years, was constitutional and did not infringe Boulais's Fifth Amendment right to equal protection. *Nguyen*, 208 F.3d at 532-33. The Supreme Court agreed. *See Nguyen*, 533 U.S. at 73. That same year, the Supreme Court decided *St. Cyr*, 533 U.S. 289, holding that federal courts retain jurisdiction to consider habeas corpus petitions that raise questions of law arising from discretionary decisions by the INS and that § 212(c) discretionary relief remains available for aliens "whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." *Id*. at 307-14, 326.

During the pendency of the appeal to our Court and review by the Supreme Court, on July 2, 1998, Petitioners filed the habeas corpus petition that forms the basis of this review. The habeas action was held in abeyance pending the disposition of the appeal to this Circuit and review by the Supreme Court. Nguyen then

4

moved, on December 12, 2001, to reopen his removal proceedings on the grounds that relief was available to him under § 212(c) of the INA, 8 U.S.C. § 1182(c), and *St. Cyr*. Nguyen argued that equity required his motion to reopen be granted, despite its untimely filing under 8 C.F.R. § 3.23(b)(4)(iii) and that his eligibility for § 212(c) relief should be determined, because of fundamental fairness, as of "the day when the immigration judge wrongly pronounced him ineligible for relief from deportation." The BIA denied his motion on January 24, 2002, finding him ineligible for relief because, during the time between the IJ's removal order and the dismissal of Nguyen's appeal in 1998, he had served over five years for an aggravated felony offense, as a result of Nguyen's guilty pleas. Under the relevant, pre-AEDPA provision of the INA, an alien was barred from seeking § 212(c) relief if he was "convicted of one or more aggravated felonies and ha[d] served for such felony or felonies a term of imprisonment of at least 5 years." 8 U.S.C. § 1182(c) (1994).

Petitioners amended their habeas corpus petition on February 28, 2002, arguing that the BIA's order denying the motion to reopen deprived Nguyen of due process of law and denied Boulais's right to enjoy his son's companionship. The parties stipulated to proceed before a Magistrate Judge for all purposes, and the court entered its Memorandum and Order on the Government's motion for summary judgment and its Final Judgment on Petitioners' writ on September

5

29, 2003. Nguyen claims that his liberty is restrained, in violation of his Fifth Amendment right to due process, by the Government's action in denying his claim to relief from removal. Nguyen argues that he was erroneously denied a hearing on his request for discretionary relief from removal. The Magistrate Judge denied both Nguyen's and Boulais's claims, finding that this Circuit's case law, *see United States v. Lopez-Ortiz*, 313 F.3d 225 (5th Cir. 2002), *cert. denied*, 537 U.S. 1135 (2003), foreclosed the argument that eligibility for § 212(c) relief vests a liberty or property interest warranting due process protection and finding that Petitioners were not entitled to the equitable relief requested.

## II.

We review *de novo* a dismissal of a 28 U.S.C. § 2241 petition for writ of habeas corpus. *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000). The question we are called to answer is whether an alien, subject to a removal order, holds a due process interest in discretionary relief under § 212(c) when his pre-AEDPA five-year eligibility bar was activated during the pendency of the removal proceeding before the BIA. We determine that he does not.

In the context of an illegal reentry case arising under 8 U.S.C. § 1326, this Circuit has determined that a removable alien's eligibility for discretionary relief under § 212(c) does not merit constitutional due process protection. *Lopez-Ortiz*, 313 F.3d at

6

227-28, 231. Petitioners argue that *Lopez-Ortiz* does not apply in civil cases and rely instead upon *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 267-68 (1954) (holding due process required remand for a hearing on petitioner's claims that the BIA failed to act and that omission violated existing regulations). We now expressly approve the district court's application of *Lopez-Ortiz* to the case where an alien challenges his removal in a collateral civil proceeding and, therefore, hold that Nguyen does not have a due process right to discretionary relief under § 212(c) from a removal order.

To challenge a removal, an alien must show: (1) the removal hearing was fundamentally unfair; (2) the hearing effectively eliminated the right of the alien to challenge the hearing by means of judicial review; and (3) the procedural deficiencies caused the alien actual prejudice. *Lopez-Ortiz*, 313 F.3d at 229. Demonstration of prejudice requires the alien to show a reasonable likelihood that, but for the errors complained of, he would not have been removed. *United States v. Benitez-Villafuerte*, 186 F.3d 651, 658-59 (5th Cir. 1999).

Petitioners argue the district court erred in characterizing Nguyen's claim as one for a due process right to discretionary relief from a removal order, when to the contrary he claims a due process right to a hearing on whether he warrants the discretionary § 212(c) waiver. *See Arevalo v. Ashcroft*, 344 F.3d 1, 15 (1st Cir.

7

2003) (relying in part on *St. Cyr*, 533 U.S. at 325, for the conclusion that a right to relief from removal is distinct from a right to seek such relief in constitutionally protected proceedings). We find no such error because under *Lopez-Ortiz* neither relief from removal under discretionary waiver nor *eligibility* for such discretionary relief is entitled to due process protection. *Lopez-Ortiz*, 313 F.3d at 230-31; *see also Joseph v. Ashcroft*, No. 03-30939, 2004 U.S. App. LEXIS 13479, at *3 (5th Cir. Jun. 30, 2004) (per curiam) (finding argument that *eligibility* for § 212(c) relief is a liberty or property interest warranting due process protection is foreclosed).

Petitioners have failed to show that Nguyen's removal hearing was fundamentally unfair. The record reveals Nguyen was afforded notice of the charges against him, a hearing before an executive or administrative tribunal, and a fair opportunity to be heard. *See Lopez-Ortiz*, 313 F.3d at 230 (citing *Kwong Hai Chew v. Colding*, 344 U.S. 590, 597-98 (1953)). As such, Nguyen's removal proceedings were not fundamentally unfair, and the denial of the possibility of discretionary relief from removal does not threaten Nguyen's constitutional right to due process. Therefore, we affirm the district court's denial of the claim grounded in violations of due process and deny Petitioners' request to remand the case to the BIA with instructions for a hearing *nunc pro tunc* on § 212(c) relief.

**III.**

8

Petitioners claimed before the Magistrate Judge and again raise on appeal extensive arguments grounded in equity. The Government argues that the Magistrate Judge lacked subject matter jurisdiction to reach these issues. Although the Government concedes this jurisdictional challenge was not raised below, the question of a federal court's subject matter jurisdiction may be properly raised at any stage in litigation, including for the first time on appeal. *See In re Canion*, 196 F.3d 579, 584 (5th Cir. 1999); *In re Bass*, 171 F.3d 1016, 1021 (5th Cir. 1999).[2]

In this case, however, we need not reach the remaining issues raised by either party. Petitioners proceed subject to 28 U.S.C. § 2241, which provides for the grant of the writ of habeas corpus on the application of a prisoner if, *inter alia*, he is held "in custody in violation of the Constitution or the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also St. Cyr*, 533 U.S. at 305. Because Petitioners have not stated a cognizable constitutional claim nor any claim of a violation of "the laws or treaties of the United States," we need not reach the jurisdictional challenges raised by the Government. *See* 28 U.S.C. § 2241(c)(3); *Toscano-Gil v. Trominski*, 210 F.3d 470, 473 (5th Cir. 2000). "Such a claim is a prerequisite for the § 2241

---

[2]Petitioners failed to address subject matter jurisdiction in their brief and failed to reply to the Government's arguments. But the issue of subject matter jurisdiction cannot be waived. *See*, *e.g.*, *Clinton v. New York*, 524 U.S. 417, 428 (1998).

9

jurisdiction" that Petitioners here seek. *Toscano-Gil*, 210 F.3d at 473. Because the prerequisite for § 2241 jurisdiction has not been met in this case, we do not reach any of Petitioners' claims grounded in equity.

## CONCLUSION

Having carefully reviewed the submissions of both parties and the complete record of proceedings below, the Magistrate Judge's dismissal of Petitioners' claims and the petition for writ of habeas corpus under 28 U.S.C. § 2241(c) is

**AFFIRMED.**