**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 7, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 05-60172
Summary Calendar

DAVID EDWARD FRANKLIN,

Petitioner,

versus

ALBERTO R. GONZALES,
U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95-545-032

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

David Edward Franklin petitions for review of the denial of his motion to reopen proceedings

by the Board of Immigration Appeals ("BIA"). At issue is whether the BIA's denial of this motion

should be reversed due to Franklin's allegedly late receipt of notice that the BIA had denied his appeal

requesting withholding of removal. Denied.

---

[*]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

# I. FACTUAL AND PROCEDURAL HISTORY

David Edward Franklin was personally served with a Notice to Appear (NTA), dated June 20, 2002, that charged him with remaining in the United States for a time longer than permitted and ordered him to appear before an immigration judge on July 11, 2002. The NTA also stated he must immediately notify the Immigration Judge (IJ) of any change of address by using a Form EOIR-33, and if he "do[es] not submit Form EOIR-33 and do[es] not otherwise provide an address at which [he] may be reached during proceedings, then the Government shall not be required to provide . . . written notice of [his] hearing."

On July 11, 2002, Attorney Brian K. Bates filed a notice appearance as Franklin's attorney of record before the IJ. At his hearing on September 23, 2002, Franklin admitted the charge against him and applied for asylum, withholding of removal, and protection under the Convention Against Torture. Franklin asserted that he and his family had been persecuted in Pakistan because they were English speaking Christians. Testimony and other evidence was adduced. At the close of the hearing, the IJ denied the requested relief and ordered Franklin's removal. The IJ also found Franklin eligible for voluntary departure but ordered that Franklin be removed to Pakistan if he did not depart voluntarily within a certain time period.

Bates filed a notice of appeal and a notice of appearance as Franklin's attorney of record before the BIA on October 23, 2002. On April 30, 2003, Bates filed a brief for Franklin on appeal to the BIA. Almost one year later, on April 27, 2004, the BIA affirmed, without opinion, the results of the decision below and, pursuant to the IJ's decision, granted Franklin thirty days within which he could voluntarily depart. Also pursuant to the IJ's decision, the BIA opinion provided that failure to depart within the thirty day period would result in (1) removal to Pakistan, the country from which

2

Franklin sought asylum; (2) a civil penalty not less than $1,000 or more than $5,000; and (3) ineligibility for certain types of further relief for a period of ten years. Notice of the decision was sent to Franklin's attorney of record, Bates.

On December 2, 2004, Attorney Ali M. Onan filed a Motion To Reopen, along with a notice of appearance as Franklin's attorney of record before the BIA. The motion to reopen asserted that Franklin filed a change of address notice, Form AR-11, received by the government on or about October 16, 2003, but he never received notice of the BIA decision. Attached to the motion was a copy of the change of address form and of its certified mail receipts. The change of address had been sent to, and received by, the U. S. Department of Justice in London, Kentucky. Also attached was Onan's affidavit stating that (1) Onan first met with Franklin on October 10, 2004, (2) Onan called and found out that the appeal had been dismissed April 27, 2004, and (3) Franklin was unaware that the appeal had been dismissed. The BIA denied the motion to reopen on February 9, 2005, as follows:

> PER CURIAM. The Board issued a decision on April 27, 2004, affirming the Immigration Judge's decision. The respondent has now filed a motion to reopen with the Board, we will construe the motion to reopen as a motion to reissue. The motion is denied, as the decision was mailed to the address provided by prior counsel on a Notice of Entry of Appearance before the Board (Form EOIR-27) dated October 22, 2002.

Franklin now petitions this court for review of the BIA's February 9, 2005, order, asserting that he has been deprived of his due process right to have this court evaluate his claim for asylum and his applications for withholding of removal and protection under the Convention Against Torture.

## II. DISCUSSION

What Franklin does not argue may be just as dispositive of this petition as what he does argue. Franklin does not assert a claim of ineffective assistance of counsel or otherwise argue that his prior

3

counsel, Bates, was at fault for not notifying Franklin about the BIA decision.[1] Likewise, Franklin does not assert that the Government did not send notice of the BIA decision to Bates, or that Bates did not receive the notice.

Franklin argues only that the BIA's February 9, 2005, refusal to reissue its April 27, 2004, opinion violated his right to due process of law because it prevented him from being able to file a timely petition for review of the earlier decision. Notably, Franklin had a full hearing before the IJ, along with review of the IJ's decision by the BIA. Franklin does not contend that the merits of his applications for relief have not been considered on review. Instead, Franklin contends that the February 9, 2005, BIA decision violated his right to review by this court.

We apply a highly deferential abuse-of-discretion standard to review the BIA's decision to deny Franklin's motion to reopen –construed as a motion to reissue– its April 27, 2004, decision. *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). This standard "is the same irrespective of whether the petitioner seeks withholding of deportation or makes an asylum request." *Id.* at 303-04. Under this standard, we must affirm the Board's decision as long as it "is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006) (quoting *Zhao*, 404 F.3d at 304)).

In removal proceedings, the Fifth Amendment requires that an alien be provided due process as follows: "(1) notice of the charges against him, (2) a hearing before an executive or administrative tribunal, and (3) a fair opportunity to be heard." *Manzano-Garcia v. Gonzales*, 413 F.3d 462, 470

---

[1] The propriety of a claim of ineffective assistance of counsel is the central theme in the Government's brief. Nevertheless, Franklin has not before, and does not now make this claim.

(5th Cir. 2005) (quoting *United States v. Lopez-Ortiz*, 313 F.3d 225, 230 (5th Cir. 2002)). Neither relief from removal under discretionary waiver nor eligibility for such discretionary relief is entitled to due process protection. *Nguyen v. Dist. Dir., Bureau of Immigration & Customs Enforcement*, 400 F.3d 255, 259 (5th Cir. 2005) (citing *United States v. Lopez-Ortiz*, 313 F.3d 225, 230-31 (5th Cir. 2002)). As this court has stated, "the denial of the possibility of discretionary relief from removal does not threaten [an alien]'s constitutional right to due process." *Nguyen*, 400 F.3d at 259.

The BIA decision did not violate Franklin's Fifth Amendment right to due process because he had no due process right to have this court review his eligibility for discretionary relief from removal. *Id.* Franklin concedes that notice of the April 27, 2004, dismissal was mailed to Bates, his previous counsel. While Franklin did file a change of address several months before the dismissal, there is no indication that Bates did not receive the notice. Our review of the administrative record reveals that the BIA's denial of Franklin's motion was neither arbitrary nor without foundation. For the foregoing reasons, we find that the BIA did not abuse its discretion denying Franklin's motion. Accordingly, the petitioned for relief from the February 9, 2005, decision of the BIA is denied.