United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 3, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60964
Summary Calendar

YUK CHAN,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A70 628 899
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Yuk Chan, a native and citizen of the Peoples' Republic of China, petitions for review of the Board of Immigration Appeals' (BIA) denial of his motion to reopen. Chan's motion to reopen was based on 8 C.F.R. § 1003.44, which now allows aliens who meet certain requirement to seek relief from removal under the former § 212(c) of the Immigration and Nationality Act. Based on a prior finding that Chan had obtained permanent resident status through a material misrepresentation, the BIA determined that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Chan could not demonstrate the required lawful permanent resident status to be eligible for relief under 8 C.F.R. § 1003.44.

Chan argues that his misrepresentation was not "material" and, therefore, the BIA erred in determining he was not a lawful permanent resident. In a February 2003 proceeding, from which Chan did not seek a petition for review, the BIA found that Chan's misrepresentation of his criminal history was material and that his adjustment of status had been obtained as a result of this misrepresentation. Chan has not shown that the BIA erred by relying on this prior finding in denying his motion to reopen. Given the prior finding that Chan's misrepresentation was material and ultimately resulted in his adjustment of status to permanent resident, he could not show that he was a "lawful" permanent resident, which was required for eligibility for relief under 8 C.F.R. § 1003.44. See In re Koloamatangi, 23 I & N. Dec. 548 (BIA 2003) (alien who obtains adjustment of status through fraud or other misrepresentation has not been lawfully admitted); see also In re Longstaff, 716 F.2d 1439, 1441 (5th Cir. 1983) (lawful admission denotes compliance with both procedural and substantive requirements). As Chan can not show he was eligible for such relief, the BIA did not abuse its discretion in denying Chan's motion to reopen. See Zhao v. Gonzales, 404 F.3d 295, 303 (5th Cir. 2005).

Chan also argues that the BIA's denial of the opportunity to apply for § 212(c) relief has denied him a due process right.

There is no due process liberty interest in the possibility of § 212(c) relief. See Nguyen v. District Director, Bureau of ICE, 400 F.3d 255, 259 (5th Cir. 2005); United States v. Lopez-Ortiz, 313 F.3d 225, 231 (5th Cir. 2002). Due process only requires that an alien receive notice of the charges against him, a hearing before an administrative or executive tribunal, and a fair opportunity to be heard. Lopez-Ortiz, 313 F.3d at 230. Chan does not suggest that he did not receive notice, a hearing, and an opportunity to be heard. Therefore, his due process claim is without merit.

PETITION FOR REVIEW DENIED.