# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 29, 2008

Charles R. Fulbruge III
Clerk

No. 06-60238
Summary Calendar

FRANKLIN ROBINSON GRULLON

Petitioner

V.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A38 926 198

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Franklin Robinson Grullon, a native and citizen of the Dominican Republic, petitions for review of decisions of the Board of Immigration Appeal (BIA) that affirmed the denial of relief under former § 212(c) of the Immigration and Nationality Act. Grullon argues that removability on account of his cocaine conviction was not established by clear, convincing, and unequivocal evidence. Grullon admitted that he did not appeal his removal order and that order was vacated only in so far as it denied Grullon's application for § 212(c) relief.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Further, Grullon does not challenge the validity of his removal order based on his robbery conviction. Grullon thus has waived any claim regarding the validity of the removal order on account of this conviction. See Rodriguez v. INS, 9 F.3d 408, 415 n. 15 (5th Cir. 1993).

Grullon asserts that he was deprived of his due process right to a fair trial because he did not have the opportunity to examine evidence or submit evidence. "Due process challenges to deportation proceedings require an initial showing of substantial prejudice. Anwar v. INS, 116 F.3d 140, 144 (5th Cir. 1997). Grullon has not alleged how he was substantially prejudiced by the failure to examine evidence or submit evidence.

Grullon challenges the denial of § 212(c) relief, arguing that (1) the favorable factors outweighed the adverse factors; (2) the Immigration Judge (IJ) erred in relying on incorrect information in the presentence report; (3) the IJ made findings of facts that were clearly erroneous; (4) the IJ denied relief holding Grullon responsible for conduct to which he did not plead guilty; (5) the IJ retried him for uncharged conduct; and (6) he was deprived of his due process right to a fair hearing.

Section 1252(a)(2)(B)(ii) of Title 8 prohibits judicial review of discretionary decisions of the Attorney General, including the grant or denial of a waiver of removability. Section 1252(a)(2)(D), however, permits review of claims involving constitutional issues or questions of law. Because Grullon's first three arguments do not present a constitutional or legal question, we lack jurisdiction over these claims. See § 1252(a)(2)(D); Marquez-Marquez v. Gonzales, 455 F.3d 548, 561 (5th Cir. 2006).

Grullon failed to explain how his fourth and fifth arguments relate to the denial of § 212(c) relief. Because he failed to adequately brief these issues, we do not consider them. See Soadjede v. Ashcroft, 324 F.3d 830, 833 (5th Cir. 2003).

Finally, Grullon's fair hearing argument is unavailing. Although this court has jurisdiction over the claim because it is constitutional in nature, Grullon has no due process right to either discretionary relief under § 212(c) or to a hearing to determine eligibility for such relief. See Gutierrez-Morales v. Homan, 461 F.3d 605, 610 (5th Cir. 2006); Nguyen v. Dist. Dir., Bureau of Immigration and Customs Enforcement, 400 F.3d 255, 259 (5th Cir. 2005).

Accordingly, Grullon's petitions for review are DENIED.