IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 2, 2008

Charles R. Fulbruge III
Clerk

No. 06-61101
Summary Calendar

ORFELIO RIERA-ELENA

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A30 983 700

Before JOLLY, DAVIS, and DeMOSS, Circuit Judges:

PER CURIAM:[*]

Orfelio Riera-Elena (Riera), a native and citizen of Uruguay, filed a 28 U.S.C. § 2241 petition in the district court challenging the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) discretionary denial of relief under former § 212(c) of the Immigration and Nationality Act and the BIA's decision denying Riera's second motion to reopen based on ineffective assistance of counsel. The district court transferred the case to this court pursuant to the REAL ID Act of 2005, and we now consider the matter as a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

petition for review of the BIA's decisions. See Rosales v. Bureau of Immigration and Customs Enforcement, 426 F.3d 733, 736 (5th Cir. 2005).

Riera contends that the IJ deprived him of his right to due process by failing to afford him sufficient time in which to hire an attorney, failing to adequately explain what he needed to establish in order to receive § 212(c) relief, discouraging him from speaking or presenting evidence in support of his § 212(c) application, and conducting the hearing while he was in shackles. Riera does not challenge the IJ's removal order, nor does he argue that the removal hearing was fundamentally unfair. Rather, he argues, in essence, that the IJ's actions hindered his ability to pursue and obtain § 212(c) relief.

Because Riera had no protected liberty or property interest in § 212(c) relief, he had no due process right to a fair hearing in pursuit of that relief. Cf. Gutierrez-Morales v. Homan, 461 F.3d 605, 609 (5th Cir. 2006) ("[W]hen there is no due process right to the ultimate relief sought, there is no due process right to effective assistance of counsel in pursuit of that relief."); Nguyen v. District Director, Bureau of Immigration and Customs Enforcement, 400 F.3d 255, 259 (5th Cir. 2005) (noting that an alien has no due process right to a hearing to determine whether he warrants discretionary § 212(c) relief). Therefore, Riera fails to allege a constitutional claim, and we lack jurisdiction to review the issue. See Assaad v. Ashcroft, 378 F.3d 471, 476 (5th Cir. 2004).

Riera also contends that the BIA erred in denying his second motion to reopen as untimely and numerically barred. Riera does not dispute that his second motion to reopen was untimely and numerically barred. Instead, he argues that the time and numerical limitations set forth in 8 C.F.R. § 1003.2(c)(2) should have been equitably tolled based on ineffective assistance of counsel. Because equitable tolling is not a basis for filing an untimely or numerically-barred motion under the statute or regulations, this argument is in essence an argument that the BIA should have exercised its discretion to reopen the proceeding sua sponte based upon the doctrine of equitable tolling. In

Enriquez-Alvarado v. Ashcroft, 371 F.3d 246, 248-50 (5th Cir. 2004), we concluded that there is no meaningful standard by which to review an IJ's discretionary decision not to exercise his or her sua sponte authority to reopen a deportation proceeding where the motion to reopen was untimely. Therefore, we lack jurisdiction to consider whether the BIA should have sua sponte reopened Riera's removal proceedings based on ineffective assistance of counsel. Accordingly, Riera's petition for review is dismissed for lack of jurisdiction.

PETITION DISMISSED.