# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 7, 2009

Charles R. Fulbruge III
Clerk

No. 08-60384
Summary Calendar

WAHEED AYANDA AMOLEGBE

Petitioner

v.

ERIC H HOLDER, JR., U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A91 832 760

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Waheed Ayanda Amolegbe, a native and citizen of Nigeria, petitions this court for review of the Board of Immigration Appeal's (BIA) order affirming the immigration judge's (IJ) order that 1) Amolegbe be deported pursuant to former 8 U.S.C. §1251(a)(2)(A)(iii) and (B)(i) (reenacted in 1994 as 8 U.S.C. § 1227(a)(2)(A)(iii) and (B)(i)), and (2) Amolegbe was not entitled to a waiver pursuant to 8 U.S.C. § 1182(c). This court generally reviews only the BIA's decision, not that of the IJ, except to the extent that the IJ's decision influences

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the BIA. *See Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). In the instant case, the BIA relied in part on the IJ's analysis in determining whether Amolegbe was entitled to relief. Thus, consideration of the IJ's decision is appropriate. *See Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 348 (5th Cir. 2002). While questions of law are reviewed de novo, this court "accord[s] deference to the BIA's interpretation of immigration statutes unless the record reveals compelling evidence that the BIA's interpretation is incorrect." *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997).

Preliminarily, the Government argues pursuant to § 1252(a)(2)(C) that this court lacks jurisdiction over Amolegbe's appeal of the order of removal because Amolegbe's removal results from his having committed a controlled substance offense covered in 8 U.S.C. § 1227(a)(2)(B). However, § 1252(a)(2)(D) provides that § 1252(a)(2)(C) does not deprive this court of jurisdiction over constitutional claims or questions of law. Because Amolegbe argues that his delivery of cocaine conviction does not constitute a valid basis for his deportation as a matter of law, this court does not lack jurisdiction over his appeal. *See* § 1252(a)(2)(D).

Amolegbe argues that he is not deportable because his cocaine delivery conviction under TEX. HEALTH & SAFETY CODE ANN. § 481.112(b) does not constitute a "drug trafficking offense," citing for support, inter alia, *United States v. Gonzales*, 484 F.3d 712, 714-715 (5th Cir.), *cert. denied*, 127 S.Ct. 3031 (2007). However, while Amolegbe's argument may call into question whether his cocaine delivery conviction constitutes an aggravated felony[1] for purposes of former § 1251(a)(2)(A)(iii), there is no doubt that his cocaine conviction constitutes a state crime "relating to a controlled substance" such that his deportation pursuant to former § 1251(a)(2)(B)(i) is appropriate. *See Peters v.*

---

[1] An aggravated felony is defined, in relevant part, to mean "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B).

*Ashcroft*, 383 F.3d 302, 306-07 (5th Cir. 2004) (holding that an expansive interpretation of the phrase "relating to" within the context of § 1227(a)(2)(B)(i) is appropriate).

With regard to the denial of his § 1182(c) waiver request, Amolegbe does not argue that he made the necessary showing to obtain the waiver, but only that he was not afforded due process because the IJ ruled without having first held an eligibility hearing. However, Amolegbe did not raise a due process argument in his brief to the BIA. Judicial review is available only where the applicant has exhausted all administrative remedies of right. 8 U.S.C. § 1252(d)(1). "An alien fails to exhaust his administrative remedies with respect to an issue when the issue is not raised in the first instance before the BIA--either on direct appeal or in a motion to reopen." *Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001). Because the exhaustion requirement is statutorily mandated, an alien's failure to exhaust an issue before the BIA is a jurisdictional bar to this court's consideration of the issue. *Id.* at 452.

Even assuming this court has jurisdiction to consider Amolegbe's due process argument, it lacks merit. This court has held in both civil and criminal contexts that eligibility for § 1182(c) relief is not a liberty or property interest that warrants due process protection. *Nguyen v. District Director, Bureau of Immigration and Customs Enforcement*, 400 F.3d 255, 259 (5th Cir. 2005); *United States v. Lopez-Ortiz*, 313 F.3d 225, 231 (5th Cir. 2002). In any event, IJ's order addresses arguments raised by Amolegbe regarding his alleged § 1182(c) eligibility.

AFFIRMED.