# Matter of Fidel Antonio SANCHEZ-CORNEJO, Respondent

File A026 419 303 - Houston, Texas

*Decided July 7, 2010*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The offense of delivery of a simulated controlled substance in violation of Texas law is not an aggravated felony, as defined by section 101(a)(43)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(B) (2006), but it is a violation of a law relating to a controlled substance under former section 241(a)(2)(B)(i) of the Act, 8 U.S.C. § 1251(a)(2)(B)(i) (1994).

FOR RESPONDENT: Mario Caballero, Esquire, Houston, Texas

FOR THE DEPARTMENT OF HOMELAND SECURITY: Wm. Tracy Hamby, Assistant Chief Counsel

BEFORE: Board Panel: COLE, PAULEY, and GREER, Board Members.

PAULEY, Board Member:

In a decision dated May 6, 2008, an Immigration Judge found the respondent deportable under former sections 241(a)(2)(A)(iii), and (B)(i) of the Immigration and Nationality Act, 8 U.S.C. §§ 1251(a)(2)(A)(iii) and (B)(i) (1994), as an alien convicted of an aggravated felony and a controlled substance violation.[1]  The Immigration Judge also found the respondent

---

[1] The respondent is in deportation proceedings.  Prior to the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546 ("IIRIRA"), an Order to Show Cause and Notice of Hearing (Form I-221) was issued on June 4, 1984, charging the respondent with deportability as an alien who entered the United States without inspection, which he has conceded.  The IIRIRA replaced deportation proceedings and the laws governing those proceedings with the new statutory scheme for removal proceedings.  As a general rule, section 309(c) of the IIRIRA, 110 Stat. at 3009-625, preserved most of the prior deportation law for those cases already ongoing at the time of its enactment, i.e., for those aliens in deportation proceedings under the pre-IIRIRA law.  It also made the post-IIRIRA laws applicable only to those aliens placed into removal proceedings after its enactment, with some exceptions.  Consequently, the Department of Homeland Security properly acted within its discretion when, subsequent

(continued...)

ineligible for special rule suspension of deportation under section 203(a)(1) of the Nicaraguan Adjustment and Central American Relief Act, Pub. L. No. 105-100, tit. II, 111 Stat. 2160, 2193, 2196-97, *amended by* Pub. L. No. 105-139, 111 Stat. 2644 (1997) ("NACARA"), based on his conviction for an aggravated felony.  The respondent has appealed from the Immigration Judge's finding regarding his eligibility for special rule suspension of deportation.  The appeal will be sustained, and the record will be remanded to the Immigration Judge for further proceedings.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of El Salvador who entered the United States without inspection on March 28, 1984.  He was convicted on September 4, 1996, in the 185th District Court of Harris County, Texas, of delivery by actual transfer of a simulated controlled substance, namely, cocaine.  The Immigration Judge determined that this conviction rendered the respondent deportable as an alien convicted of an aggravated felony, as defined by section 101(a)(43)(B) of the Act, 8 U.S.C. § 1101(a)(43)(B) (2006), which therefore made him ineligible for special rule suspension of deportation.

On appeal, the respondent argues that his offense does not constitute a drug trafficking crime because simulated cocaine is not a controlled substance, as that term is defined in 21 U.S.C. § 802(6) (2006).  Consequently, he contends that he has not been convicted of an aggravated felony and is eligible for special rule suspension of deportation.

## II. ANALYSIS

The term aggravated felony is defined by section 101(a)(43)(B) of the Act to include "illicit trafficking in a controlled substance (as defined in section 102 of the Controlled Substances Act), including a drug trafficking crime (as defined in section 924(c) of title 18, United States Code)."  The "illicit trafficking" clause of the aggravated felony definition is distinct from the "drug trafficking crime" clause and "includes any state, federal, or qualified foreign felony conviction involving the unlawful trading or dealing of any controlled substance as defined in section 102 of the Controlled Substances Act." *Matter of Davis*, 20 I&N Dec. 536, 541 (BIA 1992), *modified*, *Matter of Yanez*, 23 I&N Dec. 390 (BIA 2002).  Thus, under *Matter of Davis*,

---

(...continued)

to the IIRIRA, it filed additional allegations of fact and lodged additional charges of deportability against the respondent under former section 241 of the Act.

an alien's State drug offense qualifies as an aggravated felony under the "illicit trafficking" clause if it is (1) a felony under the law of the convicting sovereign that (2) involved "unlawful trading or dealing" in (3) a Federally controlled substance. *Id.* Because simulated cocaine is not a Federally controlled substance, the respondent's offense does not constitute an "illicit trafficking" offense. *See* 21 U.S.C. § 812 (2006) (setting forth the schedules of controlled substances). Accordingly, to be an aggravated felony, the respondent's offense can only qualify under the "drug trafficking crime" clause of section 101(a)(43)(B).

We agree with the respondent that his offense is not a "drug trafficking crime" within the definition of an aggravated felony in section 101(a)(43)(B) of the Act. A State drug offense qualifies as a drug trafficking crime under 18 U.S.C. § 924(c) (2006) and, by extension, an aggravated felony under section 101(a)(43)(B) of the Act, if the offense would have been punishable as a felony under the Controlled Substances Act, 21 U.S.C. § 801 et seq. (2006) ("CSA"). *Lopez v. Gonzales*, 549 U.S. 47 (2006). The delivery of a simulated controlled substance is not an offense that is punishable under the CSA. While it is unlawful to "create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance" under 21 U.S.C. § 841(a)(2) (2006), the respondent's offense does not fall within this definition.

Section 482.001(4) of the Texas Health and Safety Code defines a "simulated controlled substance" as one "that is purported to be a controlled substance, but is chemically different from the controlled substance it is purported to be." In contrast, the term "counterfeit substance" is defined in 21 U.S.C. § 802(7) as

> a controlled substance which, or the container or labeling of which, without authorization, bears the trademark, trade name, or other identifying mark, imprint, number, or device, or any likeness thereof, of a manufacturer, distributor, or dispenser other than the person or persons who in fact manufactured, distributed, or dispensed such substance and which thereby falsely purports or is represented to be the product of, or to have been distributed by, such other manufacturer, distributor, or dispenser.

In *United States v. Crittenden*, 372 F.3d 706 (5th Cir. 2004), the United States Court of Appeals for the Fifth Circuit considered whether a prior Texas conviction for delivery of a simulated controlled substance qualified as a conviction for a controlled substance offense for the purpose of determining whether one could be sentenced as a career criminal under the United States Sentencing Guidelines. The Fifth Circuit noted that the Texas statute does not require that the purported controlled substance have any identifying marks or otherwise misrepresent its manufacturing origin, requiring only that the substance be in imitation of a controlled substance. *Id.* at 708-09.

Consequently, the Fifth Circuit concluded that under the narrow definition in the CSA, the elements for a Texas simulated controlled substance offense do not correspond to those for a counterfeit controlled substance offense under the Federal statute. *Id.*[2]

Based on the foregoing, we conclude that the respondent's September 1996 conviction was not for an "aggravated felony" that would support a charge of deportability under former section 241(a)(2)(A)(iii) of the Act or bar him from establishing eligibility for special rule suspension of deportation under section 203(a)(1) of the NACARA. *See* 8 C.F.R. § 1240.65(a) (2010). However, because the respondent is deportable under former section 241(a)(2)(B)(i) of the Act,[3] he is required to show that he accrued 10 years of physical presence "immediately following the commission of an act . . . constituting a ground for deportation" to qualify for suspension of deportation. Former section 244(a)(2) of the Act, 8 U.S.C. § 1254(a)(2) (1994).[4]

The relevant period of the respondent's continuous physical presence commenced when he was convicted of delivery of a simulated controlled substance on September 4, 1996. *See Matter of Lozada*, 19 I&N Dec. 637, 640 (BIA 1988) (explaining that the 10-year period is measured from the date of the conviction for the offense that renders the respondent deportable). Because it appears that the respondent has accrued the required 10 years of continuous presence, we will remand the record for consideration of his application for special rule suspension of deportation. On remand, the parties should be provided an opportunity to present evidence to show whether the respondent is eligible for special rule suspension of deportation and whether he merits such relief as a matter of discretion.

---

[2] Notwithstanding, the Fifth Circuit held that the conviction was for a "counterfeit substance" under the Sentencing Guidelines because it found that the Guidelines did not mean to incorporate only the narrow definition of a counterfeit substance in 21 U.S.C. § 802(7). Other circuits have similarly ruled. *E.g.*, *United States v. Mills*, 485 F.3d 219, 223, 225 (4th Cir. 2007); *United States v. Robertson*, 474 F.3d 538, 540-41 (8th Cir. 2007); *United States v. Frazier*, 89 F.3d 1501, 1505 (11th Cir. 1996). Unlike the Guidelines, which do not cross-reference the CSA for its definition of a counterfeit controlled substance, section 101(a)(43)(B) of the Act requires that we apply this definition to determine whether the respondent's offense constitutes a drug trafficking aggravated felony.

[3] The respondent has not disputed on appeal the Immigration Judge's finding, with which we concur, that the respondent is deportable under former section 241(a)(2)(B)(i) of the Act, as an alien who has been convicted of violating a law "relating to" a controlled substance. *See Matter of T-C-*, 7 I&N Dec. 100 (BIA 1956); *see also Desai v. Mukasey*, 520 F.3d 762 (7th Cir. 2008) (holding that a conviction for distribution of a look-alike substance constituted a conviction relating to controlled substances).

[4] Former section 244(a)(2) of the Act was repealed by section 308(b)(7) of the IIRIRA,110 Stat. at 3009-615.

**ORDER:**  The appeal is sustained.

**FURTHER ORDER:**  The Immigration Judge's order finding the respondent deportable under section 241(a)(2)(A)(iii) of the Act and ineligible for relief on that basis is vacated.

**FURTHER ORDER:**  The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing order and for the entry of a new decision.