# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 6, 2016

Lyle W. Cayce
Clerk

No. 15-60147
Summary Calendar

CARLOS GARZA-MEDINA, also known as Carlos Medina Garza,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A023 554 815

Before JOLLY, BENAVIDES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Carlos Garza-Medina, a native and citizen of Mexico, and formerly a lawful permanent resident of the United States, filed a petition for review of the decision of the Bureau of Immigration Appeals (BIA) denying his motion to reopen his removal proceedings. Garza-Medina's motion sought reopening under 8 C.F.R. § 1003.2(a) on the grounds that the controlled substance offense that led to his removal no longer qualified as an aggravated felony and that he

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60147

was entitled to relief under former section 212(c) of the Immigration and Nationality Act.  The BIA denied the motion as untimely and declined to exercise its sua sponte authority to reopen, citing 8 C.F.R. § 1003.2(d), which provides that an alien who has departed the United States may not file a motion to reopen and is often referred to as the departure bar.

We have jurisdiction to review "constitutional claims or questions of law raised upon a petition for review."  8 U.S.C. § 1252(a)(2)(D).  Our jurisdiction is dependent upon the petitioner presenting his claims to the BIA, as this court may not consider claims that have not been exhausted.  *Omari v. Holder*, 562 F.3d 314, 323-24 (5th Cir. 2009).  However, constitutional claims need not be presented to the BIA because the BIA lacks the authority to resolve them. *Falek v. Gonzales*, 475 F.3d 285, 291 & n.4 (5th Cir. 2007).

Garza-Medina's arguments that he has a due process right to a hearing on his motion to reopen and that the departure is invalid are foreclosed. *Ovalles v. Holder*, 577 F.3d 288 (5th Cir. 2009); *Nguyen v. Dist. Dir., Bureau of Immigration and Customs Enforcement*, 400 F.3d 255, 259 (5th Cir. 2005); *Navarro-Miranda v. Ashcroft*, 330 F.3d 672, 674-76 (5th Cir. 2003); *United States v. Lopez-Ortiz*, 313 F.3d 225, 231 (5th Cir. 2002).  Although Garza-Medina argues that our decisions on these issues were wrongly decided or are no longer valid in light of intervening Supreme Court decisions, we must follow those decisions "absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or [this] en banc court."  *Jacobs v. Nat'l Drug Intelligence Ctr.,* 548 F.3d 375, 378 (5th Cir. 2008).  None of the authorities cited by Garza-Medina effects such a change in the law. Accordingly, the BIA did not abuse its discretion in denying Garza-Medina's untimely motion to reopen, which only sought relief under § 1003.2(a).

No. 15-60147

Garza-Medina did not present his claims regarding equitable tolling and inconsistent application of the departure bar to the BIA. Although Garza-Medina could have argued that he was entitled to equitable tolling in his motion to reopen, *see, e.g.*, *United States v. Garcia-Carias*, 697 F.3d 257, 260 (5th Cir. 2012), he did not. Moreover, we do not recognize effective exhaustion. *Omari*, 562 F.3d at 321-23. Thus, we lack jurisdiction to consider them. *Id*. at 323-24.

The petition for review is DENIED IN PART and DISMISSED IN PART.