# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60509
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 12, 2019

Lyle W. Cayce
Clerk

UBALDO OLGUIN PADILLA,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:

Ubaldo Olguin Padilla is a native and citizen of Mexico admitted to the United States as a lawful permanent resident in 1992. The Board of Immigration Appeals (BIA) affirmed the immigration judge's (IJ) finding of removability and discretionary denial of Padilla's application for cancellation of removal. Padilla was found to be removable based on a finding that his 2011 Texas conviction for possession of methamphetamine with intent to deliver was a violation of a state law "relating to a controlled substance" as defined in the Controlled Substances Act (CSA). 8 U.S.C. § 1182(a)(2)(A)(i)(II); *see* TEX. HEALTH & SAFETY CODE § 481.112. In his petition for review, Padilla contends that § 481.112 does not "relate to" a federally controlled substance because it

No. 18-60509

punishes, in the least, an offer to sell drugs that turn out to be counterfeit, whereas the CSA does not punish delivery of simulated or fake drugs. *See Matter of Sanchez-Cornejo*, 25 I. & N. Dec. 273, 275 (BIA 2010). Padilla also challenges the BIA's denial of his request for cancellation of removal.

## I.

We first address whether Padilla's state conviction for possession of meth with intent to deliver was an offense "relating to a controlled substance" that rendered him removable. 8 U.S.C. § 1182(a)(2)(A)(i)(II). It was. *Amolegbe v. Holder*, 319 F. App'x 344, 344-45 (5th Cir. 2009) (holding that a Texas conviction for delivery of cocaine "constitutes a state crime 'relating to a controlled substance'").[1] The premise of Padilla's argument—that delivery under § 481.112 includes an offer to sell fake or counterfeit drugs—is erroneous. Regardless whether an offered substance ends up being counterfeit as a factual matter, in terms of the elements of the offense an offer to sell is an offer to sell an actual Penalty Group 1 drug. *See* § 481.112(a) (prohibiting the manufacture, delivery, or possession with intent to deliver of "a controlled substance listed in Penalty Group 1"); *Stewart v. State*, 718 S.W.2d 286, 288 (Tex. Crim. App. 1986) (holding that delivery of a controlled substance by offer to sell "is complete when, by words or deed, a person knowingly or intentionally offers to sell *what he states is a controlled substance*") (emphasis added). The nature of the substance ultimately delivered is immaterial and need not be proven. *See Iniguez v. State*, 835 S.W.2d 167, 171 (Tex. App.—Houston [1st Dist.] 1992) (holding that an offer to sell satisfies § 481.112 "regardless of . . . whether the substance transferred is an actual controlled substance or not").

---

[1] Although an unpublished opinion issued on or after January 1, 1996, is generally not controlling precedent, it may be considered as persuasive authority. *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).

No. 18-60509

Padilla points to no Texas case applying § 481.112 to an offer to sell that did not propose the transfer of an actual drug.[2] *Rodriguez v. State*, 879 S.W.2d 283 (Tex. App.—Houston [14th Dist.] 1994), involved an offer to sell undercover agents an actual controlled substance—cocaine—but flour ended up being delivered. *Rodriguez*, 879 S.W.2d at 284. The appellate court reversed the defendant's conviction for delivery under § 482.112, concluding that the more specific statute addressing delivery of simulated drugs (§ 482.002) applied. *Id.* at 285–86. If anything, *Rodriguez* shows that § 481.112 does not reach offers to sell counterfeit drugs as the court said the simulated drug offense governed. And although holding that the more specific offense displaced § 481.112 because the actual delivery was for fake drugs, it still recognized that as a general matter the defendant "was subject to conviction under Section 481.112 for offering to sell a controlled substance." *Id.* at 285.

Nor does *Whitfield v. State*, 916 S.W.2d 49 (Tex. App.—Houston [1st. Dist.] 1996), support Padilla's argument that § 481.112 covers conduct unrelated to a controlled substance. Like *Rodriguez*, *Whitfield* involved a transaction between several coconspirators and undercover agents for what was held out to be cocaine but turned out not to be a controlled substance at all (it was duct-taped dominoes). *Id.* at 50-51. As in *Rodriguez*, Whitfield was convicted under § 481.112 for delivery (by offer to sell) of a controlled substance and argued on appeal that he should instead have been convicted under § 482.002 for delivering a simulated controlled substance. *Id.* at 51. The state

---

[2] Nor does *In re Sanchez-Cornejo*, 25 I. & N. Dec. 273 (BIA 2010), help Padilla. Sanchez-Cornejo was initially found removable based on his conviction for an "aggravated felony," namely delivery by actual transfer of simulated cocaine under § 482.002. 25 I. & N. Dec. at 273-74. Vacating the removal order, the BIA held that "[t]he delivery of a simulated controlled substance is not an offense that is punishable under the CSA." *Id.* at 275. But *Sanchez-Cornejo* concerned the definition of "aggravated felony" and involved a conviction under § 482.002, not § 481.112. It says nothing about whether a conviction under the latter categorically relates to a controlled substance.

3

No. 18-60509

court held that Whitfield was subject to conviction under § 481.112 for "delivery by *offering to sell* a controlled substance."[3]  *Id.* at 52 (emphasis in original).

Texas caselaw thus confirms what the statutory language and common sense tell us: offering to sell a drug is a crime only when the seller purports to be offering a real controlled substance.  Because the state requires an offer to sell a Penalty Group 1 substance, § 481.112 relates to "a drug or other substance, or immediate precursor, included in [the CSA] schedule[s]."  21 U.S.C. § 802(6).  Padilla fails to show that the BIA erred in finding that his Texas drug delivery conviction renders him removable.  *See Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001).

## II.

We lack jurisdiction to review the BIA's discretionary decision to deny cancellation of removal.  *See Tula Rubio v. Lynch*, 787 F.3d 288, 290 (5th Cir. 2015).  Padilla cites only factfinding error by the IJ, not legal or constitutional error, and, in any event, the IJ's error was not adopted or relied upon by the BIA, whose order we review.  *See Vasquez-Martinez v. Holder*, 564 F.3d 712, 716 (5th Cir. 2009); *Sattani v. Holder*, 749 F.3d 368, 370, 372 (5th Cir. 2014); *Mikhael v. I.N.S.*, 115 F.3d 299, 302 (5th Cir. 1997).

\* \* \*

The petition for review is DENIED.

---

[3] The result was different than *Rodriguez* because Whitfield was a middleman who did not participate in the actual drug transaction and thus did not have the intent to deliver a simulated substance that § 482.002 requires.  916 SW.2d at 52.